————o————

STATE OF MISSOURI, Defendant in Error, *vs.* HENRY HOLLEN-SCHEIT AND ANNA HOLLENSCHEIT, Plaintiffs in Error.

1. *Continuances, refusal of—Supreme Court will not interfere unless, etc.*—The Supreme Court will not interfere with the discretionary power exercised by a trial court in refusing continuances, unless it clearly appears that the power has been exercised unjustly or oppressively.

2. *Criminal law—Declarations of accused, pro and con, how far to be believed.*—In criminal trials, the statements, confessions and admissions of the accused when given in evidence, must be taken together, and the jury will attach such credit to them, as they may deem them worthy of; and they may believe or reject what he says in his own favor. The question what credence shall be attached to his declarations, both *pro* and *con.*, must be determined by the circumstances surrounding the case, and the degree of probability which there is of the truth of the statements, viewed in the light of the whole transaction which they purport to narrate.

3. *Practice, criminal—Instructions—One may cover all counts, when.*—Where different counts in an indictment charge only a single offense, and in one degree, but merely vary the statement of the crime to conform to the evidence which may be given, the court need not charge separately as to each count,

but may in one instruction refer to them all and tell the jury to render a verdict of guilty, if they find the prisoner to have perpetrated the crime in the manner charged in either count.

4. *Practice, criminal—Instruction—Aiding and abetting crime, act of, how charged.*—An instruction declaring that if one is present, or knowingly, intentionally and of malice aforethought, aiding in the perpetration of a crime, he is guilty thereof, is proper. It need not tell the jury in terms that he must know at the time that the commission of the crime is intended by the principal actor. That inference is deducible from the case stated in the instruction.

5. *Criminal law—Separate sentences in one judgment.*—Where criminals are jointly indicted, it is immaterial that the sentences appear in the same judgment if they are separately passed upon each of the prisoners.

## *Error to Gasconade County Circuit Court.*

*Belch & Flanagan,* for Plaintiffs in Error.

I. The court below erred in overruling the application for a continuance. This court will interfere with the action of the court below in overruling applications for continuance when the discretion of the lower court has been exercised unjustly and unsoundly. Such is the present case. (State vs. Klinger, 43 Mo., 127 ; see also, 6 Gill & Johns.. 269 ; 6 Vt., 496 ; 3 Whart. Cr. Law, § 1027 ; id., foot p. 109, and note ; State vs. Stokes, 18 Ga., 17 ; Campbell vs. People 15 Ill., 17 ; State vs. Sloan, 47 Mo., 610 ; Cornelius vs. Comm., 15 B. Monr. 539.)

II. The court below erred in giving instructions Nos. 4, 6 and 7 for the State. Each instruction should have been on a separate and single count.

III. The court erred in refusing to give instructions Nos. 6 and 7, asked by the defendant. These instructions required the jury to find that Anna Hollenscheit knew of the intention of the husband to commit the homicide at the time she is alleged to have assisted and abetted him. (1 Whart. Cr. Law, foot p. 135, § 120.)

IV. The court rendered an erroneous judgment. "When several defendants are jointly tried, the punishment of each in case of conviction, must be separately assessed." (Wagn. Stat., 1107.) The court did not comply with the requirement

of the statute in rendering its judgment. The punishment, which was death, should have been assessed against each separately. (36 Ga., 234.)

*John A. Hockaday, Attorney General. with Rudolph Hirzel, Prosecuting Attorney of Gasconade,* for Defendants in Error.

I. One continuance had been already granted on application of defendants, and under those circumstances it rests entirely in the sound discretion of the court to grant or overrule the application. (State vs. Klinger, 43 Mo., 127; Frederick vs. Price, 46 Mo., 24; State vs. Burns, 54 Mo., 274; State vs. Lange, 59 Mo., 418.)

The facts stated are insufficient to entitle defendants to a continuance. There was no diligence shown by defendants in efforts to procure the witness, nor does it appear that there was any injustice done to defendants by the overruling of the said application. (State vs. Hays, 24 Mo., 369; State vs. Klinger, *supra*; State vs. Shaw, 39 Mo., 90; State vs. Benton, 31 Mo., 462; State vs. Murphy, 46 Mo., 430; State vs. Lange, *supra.*)

II. Instruction number nine defines the charge in the indictment against H. Hollenscheit, as principal, and Anna Hollenscheit, as an accomplice, and is correctly stated. (State vs. Jennings, 18 Mo., 435; State vs. Ross, 24 Mo., 483; see also, Green vs. State, 13 Mo., 392.)

III. Instruction number fourteen states the value and weight of defendants' admissions and confessions, as repeatedly laid down by the court. (Green vs. State, *supra*; State vs. Carlisle, 57 Mo., 104.)

WAGNER, Judge, delivered the opinion of the court.

At the July special term of the Gasconade circuit court, convened under the provisions of the statute for trying the prisoners, they being at that time in jail, the defendant, Henry Hollenscheit, was indicted for murder in the first degree, in killing one Alband; and his wife Anna was also included in

the indictment as being present, aiding and abetting and assisting him. Upon their application, a continuance was granted till the November term of the court, and at that term they filed their affidavit and application for a second continuance, which was overruled, and this refusal to further continue the case constitutes the first error complained of. It was stated in the affidavit that defendants could not safely proceed to trial, on account of the absence of Charles Schumaker, who was a material witness, and that the facts which they expected to prove by him, could not be proved by any other witness that was present or could be procured at that term of the court; that although every effort had been made by defendants, they could not learn that Schumaker knew of the existence of the facts they expected to prove by him, until the term of the court then pending; that Schumaker did not reside in the county, but that he removed therefrom, and lived in some part of Kansas, and that the place of his residence was not known, although diligent inquiry was made for him; that defendants expected to prove by him that Alband, the deceased, told him, that he, Alband, intended to leave his wife, who was the daughter of defendants, and then living with them, and that he intended to get the defendants in the house and kill them before he left.

It is hardly necessary to repeat what has been so frequently declared, that this court will not interfere with the discretionary power exercised by the trial court in refusing continuances, unless it clearly appears that the power has been exercised unjustly or oppressively.

As far as obtaining the personal presence of Schumaker was concerned, no diligence appears to have been used. The record shows that at the coroner's inquest, a Mr. Schumaker was present, who is presumed to be the same person, and no effort was made to procure his evidence after that, when he was still in the county, and it is not shown at what period he removed to Kansas. But it is alleged that defendants were not aware that Schumaker knew the facts they expected to prove by him, till the November term of the court, at

which they were arraigned. There is something about this palpably inconsistent. They admit that they had no communication with Schumaker, and did not even know where he was, and that they possessed no knowledge of the facts, previous to the time of the sitting of the court. There is no indication as to how they came in possession of the fact, or whether their information was entitled to any credit whatever. Under all the circumstances we cannot say that the court abused its discretion in overruling the application.

The only other objections made to the ruling of the court relate to giving and refusing instructions. Defendants excepted to instructions numbered one, four, six, nine, eleven and fourteen, given on behalf of the State.

The first instruction merely states what is set out in the indictment, charging the defendants with the offense, and requires no particular notice. The fourth instruction tells the jury that if they believe from the evidence, that the defendant, Henry, killed Alband in malice, with a club or a stick, or any instrument likely to produce death or great bodily harm, or by throwing him out of the window upon the ground or rocks, or by either of those means, in the manner charged in the indictment, and that at any time before the killing, however short, he premeditated the same, and that such killing was wilfully, deliberately and maliciously done, then the defendant was guilty of murder in the first degree. The sixth instruction, in effect, was, that if the jury believed from the evidence that the defendant, Henry, wilfully, deliberately and premeditatedly, on purpose and of his malice aforethought, killed Alband by striking and beating him with a club or any blunt instrument in and upon his head and face, thereby causing mortal wounds, of which he died, or by throwing him, said Alband, out of a window upon the hard ground and rocks below, causing one mortal wound upon the back part of his head, or by any or all of the means aforesaid, in the manner and form as charged in the indictment, then the said Henry is guilty of murder in the first degree.

The ninth instruction merely states that the defendant, Henry, is charged as the principal in doing the killing, and the defendant, Anna, is charged as an accomplice, aiding and assisting him.

The eleventh instruction has reference to a killing without deliberation or premeditation, and is based upon the doctrine of murder in the second degree. As the jury found a verdict for murder in the first degree, this instruction is practically unimportant, and needs no consideration or notice.

The fourteenth instruction told the jury that in considering the confessions and declarations of the defendants they must consider them altogether; that the defendants were entitled to the benefit of what they said, if true, as was the State to anything they said against themselves. What the defendants said against themselves, the law presumed to be true; what they said for themselves the jury might believe or disbelieve, as it might have been shown to be true or false by the evidence in the case, but it was for the jury to consider, under all the circumstances, how much of the whole statements they deemed worthy of belief.

There is nothing objectionable about this instruction. Where parties make admissions or declarations against themselves, the law presumes they are true because made against their interest; but this is only a presumption and may be rebutted. Statements, confessions and admissions, when given in evidence, must all be taken together, and the jury will attach such credit to them as they deem them worthy of. They may believe everything the party says in his favor, or they may reject the same. It all depends upon the circumstances surrounding the case, and the degree of probability there is in the truth of the statements, when viewed in the light of the whole transaction which they purport to narrate.

The instructions given and above stated, all declared the law as it has been long settled. They required the jury to find from the evidence that the killing was committed wilfully, deliberately and premeditatedly, before they could find a verdict for murder in the first degree.

But the main objection urged against the instructions is, that they embody the law in reference to different counts in the indictment, in a manner which is calculated to mislead, and that each instruction should be directed to a separate and single count.

The objection is not tenable. If the different counts in the indictment charged distinct and independent offenses, or offenses in different degrees, there might be some ground for the doctrine contended for. · But the indictment charges but one single offense, that is, murder in the first degree. ·

There are different counts on which the pleader states the offense so as to meet the evidence which may be necessary to prove the charge, but all this evidence was admissible, and without regard to the count it applied to ; it only proved the one offense charged, and establishing that offense under either count was sufficient. The jury were, therefore, properly told by the instructions, that the defendants were guilty if they perpetrated the crime in the manner charged in either count of the indictment.

It is insisted that the court erred in refusing an instruction offered by the defendants, that the jury should find the wife, Anna, not guilty, unless they believed from the evidence that when she assisted in the crime she knew that her husband intended and had formed a design to kill Alband. Upon this question, at the instance of the State, the court gave an instruction that if it was found that the defendant, Anna, at the killing of Aland by Henry, was present, wilfully, deliberately and premeditatedly, on purpose and of her malice aforethought, aiding, abetting, countenancing, comforting and assisting the said Henry in committing the deed, then she was guilty of murder in the first degree. Upon the authority of Regina vs. Cruse (8 C. & P., 541), Wharton lays down the rule that if A. is charged with crime, and B. is charged with aiding and abetting him, it is essential, to make out the charge as to B., that B. should have been aware of A.'s intention to commit murder. (1 Whart. Crim. Law, 7th ed., § 120.)

Bishop states the principle thus : " All persons present giving aid and comfort to another committing an offense, even a felony, are to be considered as principals, that is, as in legal contemplation doing the deed; therefore, if a statute makes the doing of a thing criminal, it includes persons present lending their countenance and aid." (1 Bish. Crim. Law, 3d ed., § 184; State vs. Davis, 29 Mo., 391; id., 32.)

The instruction virtually includes every element the law requires, and we do not think the jury could have been misled by it. In plain terms it declares that if Anna was present knowingly and intentionally, and of her malice aforethought, rendering assistance in the perpetration of the crime, that she was guilty. If she was intentionally present for the purpose and knowingly assisted, the conclusion is inevitable that she aided in what was designed. This is fortified by the fact that she originally called to Henry to go up stairs to engage in the tragedy which followed, and she admits that Henry could not have succeeded had she not held Alband's arms, whilst he was brutally murdered. As to the guilt of the defendants, the evidence is conclusive. Their own confessions made at different times; the bloody stains in the upstairs room where the deed was committed; the throwing the body out of the window, and placing it on a wheelbarrow and taking it away and giving it a scanty burial of brush and dirt, where the dogs found it and devoured part of it; its final disinterment exhibiting a head beaten in such a manner that it was utterly unrecognizable, all unite in unfolding a tale of horror seldom met with even in criminal annals:

There is no force in the objection that the statute was disregarded in the sentences by the court. Although the sentences appear in the same judgment, yet they were separately passed upon each defendant.

We have carefully and attentively examined the whole record, and have entirely failed to find any error which would authorize us to interfere.

The judgment must be affirmed. The other judges concurring, except Judge Vories, who is absent.