The State v. Anderson.

THE STATE v. ANDERSON, *Appellant.*

1. Criminal Law : GRAND JURY : SECOND INDICTMENT. It is competent for a grand jury to prefer a second indictment for an offense, although the first still be pending and undisposed of.

2. ———— : SECOND INDICTMENT ; PRACTICE. The finding of a second indictment for an offense suspends the first (R. S. 1879, sec. 1808), and in order to proceed upon the second it is not necessary that the first be quashed.

3. ———— : ———— : JURISDICTION. The court has the power and jurisdiction to receive a second indictment, and to pass upon affidavits of prejudice made against him under it, notwithstanding he had previously made an order calling in the judge of another circuit to try the cause, upon an affidavit of prejudice under the first indictment.

4. ———— : DEFECTIVE AFFIDAVIT : JURISDICTION : CALLING IN JUDGE OF ANOTHER CIRCUIT. The court has jurisdiction to make an order calling in the judge of another circuit to try a criminal cause, although defendant's affidavits of prejudice be defective.

5. ———— ; ———— : ———— : ESTOPPEL. Defendant will not be heard to complain, in such case, of an order made at his own instance, upon the ground that he imposed defective affidavits upon the court.

6. ———— : CALLING IN JUDGE OF ANOTHER CIRCUIT : PRACTICE : EXCEPTIONS. Where no exceptions are taken to the order of the court calling in the judge of another circuit to try a criminal cause when made, it will not be reviewed in the appellate court.

The State v. Anderson.

7. ———: CHANGE OF VENUE: TRANSCRIPT. Where a change of venue is granted in a prosecution upon a second indictment, the clerk should include in his transcript to the court to which the change has been awarded only the proceedings had upon such indictment. The proceedings under the first indictment should be omitted.

8. ———: ———: DUTY OF JUDGE. Where the judge of another circuit has been called in to try a criminal cause, because of the prejudice of the regular judge, and he awards a change of venue to another county on account of the prejudice of the inhabitants, it is his duty to follow the cause to the county to which the change has been awarded. (Laws 1887, p. 168).

9. ———: PREJUDICE OF JUDGE: CALLING IN JUDGE OF ANOTHER CIRCUIT. Where an affidavit of prejudice against the regular judge has been made and the judge of another circuit called in to try the cause, the defendant will be precluded from filing a similar affidavit against the latter. He is restricted to one application for such cause.

10. ———: CONFESSIONS: EVIDENCE. Confessions which have been forced from the accused by flattery of hope or torture of fear should not be received in evidence against him. But mere adjurations to tell the truth will not be ground for excluding them; and if voluntary, they will not be rendered incompetent by reason of the fact that much excitement prevailed in the community at the time they were made.

11. ———: CONFESSIONS, EVIDENCE AS TO. Where the state has shown that confessions were voluntary, evidence on the part of the defendant that they were procured by threats of violence is material.

12. ———: EVIDENCE. Evidence of good feeling among the members of the household is competent on behalf of one accused of the murder of his father, where the state has offered evidence of hostile feeling between the accused and his mother on the one side and the deceased on the other.

13. ———: CONTINUANCE. While considerable discretion is accorded to trial courts in allowing or refusing applications for continuance, it is held that under the showing made by defendant in his affidavits, he was entitled to a continuance in this case.

*Appeal from Laclede Circuit Court.*—Trial before HON.
C. C. BLAND, Judge of the Eighteenth
Judicial Circuit.

REVERSED AND REMANDED.

*O. H. Travers* for appellant,

The errors complained of are : (1) The re-investure of jurisdiction by Judge Wallace after jurisdiction had passed from him by order of court, changing the venue to Judge Bland : (*a*) In receiving and permitting to be filed a second indictment for the same offense, after he had granted defendant a change of venue. (*b*) By entering a *nolle prosequi* on the indictment which had gone from him by change of venue. (*c*) By entertaining an application of defendant for change of venue on the second indictment, and granting the same. (2) The exercise of jurisdiction by Judge Bland because the order of Judge Wallace conferring jurisdiction on him is void. (3) The transcript of the proceedings in the Wright circuit court was not filed in the office of the Laclede circuit court within the time designated in the order of removal. (4) The overruling of defendant's motion suggesting diminution of the record. (5) The overruling of defendant's plea to the jurisdiction. (6) The overruling of defendant's motion to strike out the pretended copies of the indictment. (7) The overruling of defendant's application for continuance. R. S., secs. 1883, 1884 ; Const. art. 2, sec. 22. (8) Permitting the defendant to be arraigned on a pretended copy of the indictment. (9) The refusal of the court to grant a *duces tecum*, commanding the clerk of the circuit court of Wright county to produce the records of said court, containing the order of its fall term, 1887, changing the venue from Judge W. I. Wallace and requesting Judge C. C. Bland to try the case. (10) The overruling of defendant's application for change of venue from Judge Bland. (11) The refusal of the court to grant defendant forty-eight hours to prepare for trial after his arraignment. (12) The admission and exclusion of testimony. (13) The overruling of defendant's motions for new trial and in arrest of judgment.

*B. G. Boone*, Attorney General, for the State.

, (1)   The amended transcript of the record obtained by the state after the change of venue had been granted contained all the necessary and proper entries. *Henderson v. Henderson*, 55 Mo. 534.   (2)   The copy of the indictment, in the record, is properly certified as correct, and the trial court did not err in refusing to strike it from the files.   Clerks' certificates to transcripts are to be taken as *prima-facie* evidence of the correctness of proceedings in courts of record.   *City v. Lee*, 8 Mo. App. 598.   (3)   The record transmitted from Wright to Laclede county properly set forth the order notifying and requesting Judge Bland to try the case, as authorized by Acts of 1887, p. 167, and defendant's application for a subpœna *duces tecum* to compel the circuit clerk of Wright county to send a certified copy of said order was properly overruled.   Laws 1887, p. 167.   (4)   Errors assigned which did not occur during the progress of the trial must be supported by affidavit to be considered by this court.   *State v. Jewell*, 90 Mo. 467.   (5)   Evidence of appellant's confessions was properly admitted. They were shown not to have been under duress, through fear or by reason of promises of immunity from punishment.   *State v. Brooks*, 92 Mo. 542 ; *State v. Hopkirk*, 84 Mo. 278 ; *State v. Carlile*, 57 Mo. 102 ; *State v. Fredericks*, 85 Mo. 145 ; *State v. Jones*, 54 Mo. 478.

BLACK, J.—The defendant Edward Anderson, who was indicted with his mother and brother Henry and one Saunders, for killing Swain Anderson, appealed from a conviction of murder in the first degree. The deceased was the father of this defendant.

The indictment was found at the March term, 1887, of the Wright circuit court.   At the following August term, the defendant applied for a change of venue,

alleging prejudice on the part of Judge Wallace, who made an order setting the cause down for hearing by Judge Bland of the eighteenth circuit. Judge Bland held the court pursuant to the order, and on the application of defendant awarded a change of venue to Laclede county, because of prejudice of the inhabitants of Wright county. Defendant then filed in the Laclede circuit court, his plea to the jurisdiction of that court, which was overruled, and of this ruling error is assigned. The facts disclosed by the plea are, that, before the filing of the present indictment, and at the July term, 1886, the defendant was indicted for the same offense; that he applied for a change of venue on the ground of prejudice of Judge Wallace, who then set the cause down for trial by Judge Bland at a designated time; that Judge Bland failed to appear and hold the court for the trial of defendant; and that thereafter the grand jury of Wright county presented the present indictment, which Judge Wallace received, allowed the state to dismiss as to the first, and passed upon the new application for a change of venue based upon alleged prejudice on his part. The contention is, that when Judge Wallace first set the cause down for hearing, he lost all jurisdiction of the case, and that his subsequent acts were all void.

1. The second indictment was probably presented because of the failure of Judge Bland to hold court at the designated time for the trial of defendant. But whether for that or some other reason it was entirely competent for the grand jury to present the second one. Sections 1877 to 1881, Revised Statutes, 1879, provide for the election of a special judge, or for calling in the judge of another circuit, for the trial of a particular cause, when an affidavit of prejudice is made against the presiding judge; but there is nothing in these sections which disqualifies the regular judge from receiving a new indictment. Besides this, the second indictment,

by force of section 1808, suspended the first one; so that no further proceedings could be had upon it. It became necessary to proceed with the second just as if it had been an entirely new prosecution. It follows that Judge Wallace had the power and jurisdiction to receive the second indictment and to pass upon the second affidavit of prejudice made against him. As to the order allowing the state to dismiss as to the first, it is sufficient to say that it was not essential to further proceedings on the second that the first be quashed. *State v. Eaton*, 75 Mo. 586; *State v. Vincent*, 91 Mo. 665.

2. The defendant insists, on his plea to the jurisdiction of the Laclede circuit court, that the order of Judge Wallace calling in Judge Bland is void, and hence Judge Bland had no jurisdiction to send the cause to Laclede county or to make any other order in the cause. This contention is based on the ground that the affidavits of prejudice on the part of Judge Wallace were defective. This is a strange position on the part of defendant. He makes affidavit of prejudice against Judge Wallace and procures an order for the trial of the cause by Judge Bland, and then says that order is void because the affidavits filed by himself were defective. Judge Wallace had the jurisdiction to make the order, though the affidavits were defective. No exceptions were taken to the order made, and for this reason, had the order been adverse to the defendant, he could not be heard to complain in this court; but the order was made at his own instance, and he will not be heard to complain because he imposed defective affidavits upon the court.

3. Since it was necessary to proceed with the second indictment, as if it had been an entirely new prosecution, it follows that, in making out the transcript for the Laclede circuit court, it was only necessary to include those proceedings having reference to that indictment. The proceedings had on the first were

properly omitted. This disposes of a number of minor objections which need not be considered in detail.

4. The defendant's application for a continuance being overruled in the Laclede circuit court, he thereupon filed a petition and affidavits for another change of venue, alleging prejudice on the part of Judge Bland, which application was overruled, and of this ruling error is assigned. In the recent case of *State v. Shipman*, 93 Mo. 148, the regular judge was unable to hold a regular term of his court. The attorneys elected a judge to transact the entire business of that term, under section 1107, Revised Statutes, 1879. At the term thus organized the defendant was indicted, and we then held that the judge thus elected would be rendered incompetent to try the particular cause upon the filing of proper affidavits of his prejudice against the defendant. But that ruling was made upon the ground that a judge thus elected under that section to transact the business of an entire term stood in the shoes of the regular judge in respect of such applications.

In the prior case of *State v. Greenwade*, 72 Mo. 298, where the defendant made affidavit of prejudice on the part of the judge who had been called in from another circuit to try the particular cause, we held that section 1877 was intended to apply only to the judge before whom the cause originally came. It was then said : "There is nothing in the statute on the subject, but we cannot suppose that the legislature designed to allow a perpetual round of such motions and affidavits by which a trial could be indefinitely postponed, and, therefore, the application before Judge Wright, under section 1877, was the end of such applications."

Here Judge Bland followed the case to the Laclede circuit court, as he was obliged to do by the express command of section 1881, as amended by the act of 1887 (Acts 1887, p. 168). This section as amended makes no provision for another change of venue because of prejudice or alleged prejudice of the judge. This matter is

one of statutory regulation, and the ease with which such affidavits of prejudice are procured, on an adverse ruling of the court, renders it important to keep within the statute. There should be an end to such applications, and we hold now, as in the case last cited, that the application for a change of venue because of prejudice of Judge Wallace was the last of such motions.

5. It is next insisted that the confessions of the defendant should have been excluded because made under the fear of mob violence. The deceased resided two miles from the village of Mountain Grove. He left that place for home between two and three o'clock in the morning, and was shot on the road when within a half mile of his house. Defendant was arrested during the coroner's inquest, which was held at the village. Sales and Price, as guards, took him away from the building where the inquest was being held, and informed him that Saunders had given him away. Sales at the same time said: "Ed, if you are innocent, stick to it; if guilty, acknowledge it, and it will probably go easier with you." Defendant said if he made a confession it would implicate others, when Sales said, "that is right; it is right for them to shoulder some of it." Defendant then in substance stated that he and Saunders got a loaded gun from a fence corner where they had previously hid it, secreted themselves in the brush, and when the deceased came along, Saunders shot and killed him. Defendant then repeated the statement to the prosecuting attorney, having first stated that he had not been frightened into making the confession. All this took place late in the afternoon, and about or just after dark of the same day defendant and Saunders, whilst under arrest and in the presence of each other, made the same statements to a newspaper reporter, except that each persistently contended that the other fired the fatal shot.

The strongest evidence in favor of the theory of

mob violence is that of Mr. Talcott, who says that he was present during the investigation; that there was much excitement indoors and out; that Mr. Archer expressed fears of a mob; that he heard there were threats of lynching the boys; and that he and Archer called and had held that evening a public meeting condemning the use of violence. The prisoners were taken to Greene county that night, but for what reason does not clearly appear.

The court has often given its adherence to the general rule that credit should not be given to confessions which are forced from the defendant by flattery of hope or torture of fear; such confessions must be rejected. *State v. Brockman*, 46 Mo. 566; *State v. Jones*, 54 Mo. 478. But mere adjurations to tell the truth furnish no ground for excluding them. *State v. Hopkirk*, 84 Mo. 278. It is said in a recent edition of Greenleaf: "It seems that in order to exclude a confession the motive of hope or fear must be directly applied by a third person, and must be sufficient, in the judgment of the court, so far to overcome the mind of the prisoner as to render the confession unworthy of credit." 1 Greenl. Evid. [14 Ed.] sec. 220*a*.

Now it does not appear that Sales and Price, the guards, used any threats or words of intimidation. Doubtless there was considerable excitement in the community, but there is no certain evidence that any number of persons had combined to do the defendant harm. Rumor, speculation and conjecture of a few persons is the only evidence of the existence of a mob. But be all this as it may, to exclude these confessions it should appear that the defendant made them under the influence of fear, and that is not disclosed or shown. The evidence of Price, Sales and the prosecuting attorney is, that the statements were made by defendant of his own volition, and that being so, it matters not how much excitement prevailed in the community. These

confessions were properly received in evidence. Though this be true, it was for the jury to say what weight they would give to them. And in this connection we may add that, aside from the confessions, there are many circumstances pointing to the guilt of defendant and Saunders—circumstances which would require the court to submit the cause to the jury.

6. Finally it is urged that the court erred in refusing the defendant a continuance, based on the absence of eight or ten witnesses. The verified application states that defendant expects to prove by James Sells that he was present and heard the confessions made to Sales and Price, the guards ; that these guards and one White, a detective, asked defendant to admit his guilt; that defendant said he had nothing to do with the killing ; that they then told him the mob had assembled, and if he did not make a statement admitting the killing, he would be taken out and hanged and they could not prevent it ; that Price said the statement could not be used against him and that it was the only thing that would prevent him from being lynched ; and that defendant through fear was forced to confess his guilt.

The affidavits show that this witness lived in Wright county at the date of the homicide ; that he appeared at the fall term of the Wright circuit court pursuant to his recognizance ; that soon thereafter and unknown to defendant he left that county ; that, in July, 1887, defendant learned for the first time that he was at Kansas City ; that defendant by his attorney wrote him a letter requesting him to make himself known to the sheriff to the end that he might be served with a subpoena ; that the letter had endorsed thereon directions to be returned if not called for in ten days, and it was not returned ; that defendant then had a subpoena issued to the sheriff of Jackson county which was returned not served ; that another like process was sent to the sheriff of that county on the third of October, 1887,

which was returned not served ; that the witness administered upon the partnership, of which he and deceased were members, in the probate court of Wright county, and that the witness was expected to be present at the November term, 1887, of that court on business connected with the estate, but did not appear ; that the defendant for the first time learned, on the fourteenth of October, 1887, that Sells was then in the state of Kansas ; and that defendant desired time to take the deposition of the witness.

It is also stated that three or four of the other absent witnesses, giving their names, resided in Douglas county ; that subpoenas had been issued for them on the twenty-second of November, 1887, three of which were returned not served, one had been served and an attachment had been issued for the witness thus served. These witnesses, it is stated, will testify to conversations with Sales and Price in which the latter stated, in effect, that the confessions of the defendant and Saunders were procured by threats of violence. The recital of the above evidence, which is set out in detail in the application, is enough to show that it was material to the defense.

Three of the remaining absent witnesses resided in Wright county, one being temporarily absent and therefore not served. The other two had been served, and an attachment had been issued for one, and the other failed to appear because of the illness of her infant child. These witnesses, it is alleged, would testify that they were intimate with the Anderson family and that there was no unfriendly feeling between the members of that household. This evidence became relevant because of the fact that the state offered evidence to show that there had been for some time a hostile feeling existing between defendant and his mother on the one hand and the deceased on the other.

More diligence might have been used by the defendant to find out at an earlier date the exact place of abode of the witness Sells, but since he had business at and

was expected to be present at the probate court of Wright county, held in November, 1887, we think a sufficient showing was made to entitle the defendant to time to procure his deposition. The other witnesses resided in counties other than that in which the trial was to be had; and the defendant was entitled to a reasonable time, with due diligence on his part, after the place of trial had been fixed, to procure the attendance of his witnesses. In view of the fact that the venue of the cause was changed from Wright to Laclede county on the eighth of November, 1887, and that the transcript was not filed in the latter court until the twenty-first of that month and that the case came on for trial on the fifteenth of the following month, we think a complete showing was made for a continuance. In most cases he had subpoenas issued as soon as the transcript was filed. Considerable discretion is accorded to the trial courts in allowing or refusing applications for a continuance (61 Mo. 302 ; 68 Mo. 95) ; but in this case, the defendant has disclosed due diligence, and has been deprived of substantial rights, and for this reason the judgment must be reversed and the cause remanded.

No point is made over the instructions, and hence they are not considered. Reversed and remanded. RAY, J., absent. The other judges concur.