Laun v. Ponath.

---

FREDERICK C. LAUN et al., Appellants, v. EDWARD H. PONATH et al., Respondents.

Kansas City Court of Appeals, March 7, 1904.

1. **TRIAL PRACTICE: Continuance: Court's Discretion.** The granting of a continuance is a matter resting in the sound discretion of the trial court, which has no right to arbitrarily refuse a continuance.

2. ———: ———: ———: **Diligence.** In a proceeding to enjoin a foreclosure of a deed of trust securing certain notes, the answer represented that the notes were hypothecated with one H. Before the trial plaintiff notified the defendant to produce the notes at the trial. This, defendant reported at the trial he could not do, because H who was present in court held them as collateral. Plaintiff asked a continuance because of defendant's failure. *Held,* plaintiff showed no diligence and there was no abuse of the court's discretion in refusing a continuance.

Appeal from Osage Circuit Court.—*Hon. John W. Mc-Elhinney,* Judge.

AFFIRMED.

*T. M. & C. H. Jones* and *Crites & Garrison* for appellants.

(1) The court erred in overruling the application for a continuance filed by the appellants in this case. R. S. 1899, sec. 682; Tunstal v. Hamilton, 8 Mo. 500; Barnum v. Adams, 31 Mo. 532; State v. Lewis, 74 Mo. 222; State v. Anderson, 96 Mo. 241; State v. Maddox, 117 Mo. 667; Alt v. Grosclose, 61 Mo. App. 409; Shoe Co. v. Hilig, 70 Mo. App. 308; State v. Dewitt, 152 Mo. 85; Campbell v. McCaskell, 88 Mo. App. 47. (2) The materiality of the evidence. Campbell v. McCaskell, 88 Mo. App. 47; Shoe Co. v. Hilig, 70 Mo. App. 409. (3) After filing their suit the plaintiffs in order to insure the presence of the original note to be used in evidence on the trial of the cause, served notice upon defendant Ponath.

*C. D. Corum* for respondent.

(1) Defendants say that they deligently sought to prepare for the trial of this case. The record does not sustain that assertion. (2) The evidence offered conclusively shows that the note was in the possession of some person other than attorney Terrell or the defendant, Ponath, and the record further shows that no effort whatever was made to procure the note from such other persons. It was essential that the application should show that such effort had been made. Bartholomew v. Campbell, 56 Mo. 119. (3) If plaintiff desired to enforce the production of the note and deed of trust, our statute and the decision thereunder, have provided a method of procedure. This method should have been

pursued. R. S. 1889, sec. 737, 738 and 741; Deil v. Railroad, 37 Mo. App. 459; Hill v. Meyer, 47 Mo. 595; Jeffries v. Flint, 55 Mo. 29.

BROADDUS, J.—In August, 1902, the plaintiffs commenced an injunction suit to restrain defendants from proceeding to foreclose a certain deed of trust which plaintiff Laun had executed to secure the payment of certain notes payable to defendant Ponath. Among other allegations was one that the said notes were barred by the statute of limitations. A temporary injunction was issued by two judges of the county court. The proceedings were begun in the Maries county circuit court, and when the case came up for hearing the defendants moved to dissolve the injunction alleging, among other matters, the insufficiency of the bond. The court refused to sustain the motion to dissolve but made an order upon plaintiffs to give a new bond to be filed within ten days. Within the time fixed the plaintiffs filed the required bond. But before this was done there had been an order changing the venue to the Osage county circuit court. Before the beginning of the term of court in the latter county the plaintiff gave the defendant, Ponath, notice to produce the said notes at the coming trial. The purpose for which the notes were to be used was to show if the credits on them had prevented the bar of the statute of limitations, the notes themselves having been executed for more than ten years. When the case came up in the last named court the bond for injunction for some cause was held invalid. Before proceeding to trial it appeared that the defendant had not produced the notes, giving as an excuse for not doing so that he had hypothecated them to one, Mrs. Anna P. Holsman, who was then in court. The plaintiff then made application for a continuance on the ground of surprise that the notes had not been produced, alleging their materiality. In defendant's answer he stated the fact that said notes had been so

hypothecated to Mrs. Holsman. After hearing evidence, the object of which was to show that defendant had not hypothecated the notes, the court overruled plaintiffs' application for a continuance; and as they refused to further proceed in the trial, the court dismissed the case for want of prosecution and the plaintiffs appealed. The plaintiffs claim that the court erred in overruling their application for a continuance and in rejecting their injunction bond.

The order upon which plaintiffs were to file a new injunction bond within ten days was made before the venue of the case was changed to Osage county. The order was complied with but the court struck it out, it is asserted by plaintiffs, because it was filed after the order for the change of venue. When the order was made by the circuit court of Maries county that court had jurisdiction and the order was binding upon plaintiffs, notwithstanding the after change of venue. It is a matter too plain for discussion.

But the merit of the appeal is in the judgment of the court dismissing the case for want of prosecution. It is conceded law that the granting of a continuance to a party litigant is a matter resting in the sound discretion of the court. A trial court has no right to arbitrarily refuse a continuance to a party to a suit where there has been due diligence in preparing for trial and when it would work injustice or oppression. State v. Hollenscheit, 61 Mo. 302; State v. Whitton, 68 Mo. 95.

In view of the circumstances that plaintiffs had been notified by defendant's answer filed in the case that the notes in question were hypothecated and in the possession of Mrs. Holsman, and further that she was then in court, it seems that they exercised little or no diligence whatever in procuring said evidence. They should have had Mrs. Holsman served with a *subpoena duces tecum* to produce the notes. But they made no such effort. To a man of ordinary caution the notice of the whereabouts of said notes would have caused him to

have taken the proper means to have had them produced. There was no abuse of discretion in the court in refusing to grant plaintiffs a continuance; on the contrary, we think it was wisely exercised.

With this holding, the error committed by the circuit court in rejecting said injunction bond has no practical bearing.

The cause is affirmed. All concur.