**Clifford P. SHELTON, Plaintiff-Appellant,**

v.

**MISSOURI BAPTIST FOUNDATION, a Missouri Corporation, and Dr. T. W. Nelson, Executor of the Purported Last Will and Testament of Fannie Shelton Bliss, Defendants-Respondents.**

**No. KCD 29752.**

Missouri Court of Appeals, Kansas City District.

Oct. 30, 1978.

**122**

Darwin E. Johnson, Linde, Thomson, Fairchild, Langworthy & Kohn, Kansas City, for plaintiff-appellant.

Collins & Grimm, Macon, for defendants-respondents.

Before HIGGINS, Special Judge Presiding, and PRITCHARD, J., and ROBERT R. WELBORN, Special Judge.

ROBERT R. WELBORN, Special Judge.

At trial, in a will contest, plaintiff moved for a continuance and, after the motion was denied, stood on his motion and took no part in the trial. At the close of defendants' evidence, a directed verdict was entered for defendants. Plaintiff appeals.

Clifford P. Shelton filed suit on July 1, 1975 challenging the will of his sister, Fannie Shelton Bliss. Count I of the petition alleged incompetence of the testator and undue influence by her attorney, who was also president of the defendant, Missouri Baptist Foundation, the principal beneficiary under the will. A second count was dismissed and is not here significant.

A "NOTICE REQUESTING PLACEMENT ON TRIAL DOCKET" was filed October 8, 1976 by defendants. Defendants had attempted, prior to that time, to have the case set for trial, but a setting had been delayed at the request of plaintiff who claimed further discovery was necessary.

Trial was set for May 9, 1977. On May 5, David A. Yarger, attorney for plaintiff, filed a "WITHDRAWAL OF COUNSEL."

On May 9, conference was held at which respondents opposed the withdrawal largely on the grounds that: this would create a delay; plaintiff had once before caused a delay in the case by preventing it from being set; the defense had summoned 20 witnesses, at considerable inconvenience to some of them, and a jury panel had also been called. Defendants' attorney mentioned during this conference that plaintiff's attorney had stated he had given his client an "ultimatum to talk reasonably" and that if "Clifford [Shelton] wouldn't talk reasonably [about settlement] he might withdraw." Both in his filed notice and in the conference, plaintiff's attorney insisted that the withdrawal was because a lack of communication between attorney and client had made representation impossible, and also that plaintiff was dissatisfied with his representation and wanted another attorney.

The court permitted withdrawal of the attorney and repeatedly advised plaintiff

that the matter would not be continued again. Although plaintiff had indicated to the court and to his counsel that he was already talking with other attorneys, he told the court after the announcement of the order continuing the case that he had no attorney. The court advised him, " * * * you need to get one hired today" and that there would be no more continuances. The judge reset the case for the 21st of June. The costs of summoning the jury and witnesses were assessed against plaintiff.

Plaintiff saw either two or three other attorneys: Will Berry, who refused employment on or about May 16th, Claud T. Wood, who advised plaintiff that a submissible case could not be made on the will contest, and an unnamed St. Louis attorney who also declined employment.

Plaintiff first consulted his present attorney, Mr. Darwin E. Johnson of Kansas City, on June 3, 1977. Mr. Johnson reviewed the file completely before accepting employment, although a $500 retainer was paid at their first meeting. On June 7, he reviewed the court file and apparently learned for the first time that the case was set for trial on June 21. On June 8, counsel reviewed all aspects of the case with plaintiff. They discussed counsel's impending military duty as an officer in the United States Army Reserve to begin on June 18. Counsel advised plaintiff that he would request a continuance and that he thought the court would grant it, but he further advised Shelton that the court would not be obliged to grant a continuance.

On June 8, Mr. Johnson telephoned the trial judge and informed him of his military obligation. The trial judge advised him to get in touch with counsel for defendants regarding a continuance. Plaintiff's counsel did so, but defendants' counsel would not consent to a continuance. On June 13, plaintiff's counsel presented an oral request for continuance via a conference call participated in by counsel for defendants who again opposed the request for continuance. The continuance was denied. On June 16, counsel renewed the request in writing, based upon his obligation to report for military duty on June 18.

On June 21, Paul D. Cowing, a member of Mr. Johnson's law firm, appeared with plaintiff, stating that his appearance was for the limited purpose of renewing and arguing plaintiff's motion for continuance, and it was announced that plaintiff and his attorney had agreed that their course of action would be to stand on the motion for continuance and, if denied, take no part in the trial, and appeal solely on the basis of the denial of the motion. The motion was denied and the case went to trial. Defendants' motion for directed verdict at the close of their evidence was sustained.

In this court, appellant's sole point relied on is as follows:

"The trial court erred in overruling plaintiff's oral and written motion for continuance of the trial of this cause because:

"1) The cause had only been set for trial once prior to June 21, 1977, which was May 9, 1977, at which time plaintiff's counsel, David A. Yarger, sought and was granted leave to withdraw on the day of trial, having only notified plaintiff that he would seek such withdrawal on May 5, 1977.

"2) Plaintiff was advised by the court on May 9, 1977, the case would be continued to June 21, 1977, and would not be continued again for any reason and that all costs had to be paid within 30 days or his cause would be dismissed.

"3) Plaintiff was only given a 43 day continuance from May 9, 1977 to June 21, 1977, within which to obtain other counsel and be prepared for trial.

"4) Plaintiff, from May 9, 1977 until June 3, 1977, contacted three attorneys prior to obtaining the representation of Darwin E. Johnson.

"5) Plaintiff timely paid all the court costs as ordered by the court on May 9, 1977.

"6) The basis for the requested continuance from June 21, 1977 to July 19, 1977, was because of federal military orders directing plaintiff's counsel to active duty

at Fort Bragg, North Carolina, for the period 19 June to 2 July 1977.

"7) It denied plaintiff the right to counsel of his choice.

"Taken together these facts constituted an abuse of discretion for they indicate: the allowance of plaintiff's counsel, David A. Yarger, to withdraw without first allowing plaintiff to secure other counsel; a prejudicial predisposition to deny a second continuance for any reason; an inadequate allowance of time for plaintiff to secure other counsel and his new counsel to prepare for trial; diligence on the part of plaintiff to secure other counsel and prosecute his case; absence of any intent or motive by plaintiff to hinder or delay the trial of this case; an arbitrary refusal to grant plaintiff a thirty day continuance while plaintiff's counsel was required to be engaged in federal military service; and the working of an injustice against plaintiff by denying him the opportunity to have counsel of his choice to present his case."

■■■ Appellant acknowledges that, in the matter of granting continuances, "tremendous discretion" is vested in the trial court and that reversible error based upon the denial of a continuance is exceptional. *Mo. Public Service Company v. Argenbright*, 457 S.W.2d 777, 785[10] (Mo.1970). As appellant points out, such discretion may not be exercised arbitrarily and an abuse of discretion in that regard does provide basis for reversal of the trial court. *Mo. Public Service Company v. Argenbright, supra.* "A trial court has no right to arbitrarily refuse a continuance to a party to a suit where there has been due diligence in preparing for trial, and when it would work injustice or oppression." *Laun v. Ponath, et al.*, 105 Mo.App. 203, 79 S.W. 729 (1904). The facts of the particular case must be examined to ascertain whether or not the trial court's refusal of a continuance amounted to an abuse of discretion. *Harms v. Simkin*, 322 S.W.2d 930 (Mo.App.1959).

Appellant's point marshals the facts which he contends show an abuse of discretion in this case on the part of the trial

court. Examination of those facts is, therefore, in order.

Although, as stated by appellant, the case had actually been set for trial only once prior to June 21, 1977, counsel for respondents stated that his effort to obtain a setting prior to that made in December, 1976, had been resisted by then counsel for appellant on the grounds that he needed time for further discovery. Counsel for appellant did not dispute the statement of respondents' counsel that no effort had been made to accomplish the additional discovery before the May 9, 1977 conference.

Appellant would place the blame for withdrawal of counsel Yarger upon Yarger's "ultimatum" of May 4 to discuss settlement of the case. However, the statements of Yarger, his cocounsel McDorman and of appellant at the May 9 conference, taken as a whole, clearly indicate that the attorney-client relationship had deteriorated to the point that appellant did not wish to go to trial with Yarger as his counsel. Yarger stated that Shelton had been talking to other attorneys about the case and that he wanted "to get another attorney on this case as soon as possible." Shelton told the court that he wanted the trial setting set aside "until I get a good attorney."

Obviously, Shelton must share responsibility for Yarger's withdrawal and the trial court's action is not to be viewed as if Yarger alone created the situation which resulted in his withdrawal.

Appellant points to the trial court's admonition to Shelton upon the May 9 continuance that no further continuances would be granted and his assessing of the costs and requiring payment within 30 days on threat of dismissal as evidencing a "prejudicial predisposition" on the part of the trial court against granting further continuance. However, when new counsel first approached the trial court regarding a continuance, the court suggested that he discuss the matter with counsel for respondents. The remarks at the May 9 conference and the requirement of payment of costs were obviously an effort on the part of the trial court to convince Shelton of the necessity of

prompt action on his part and that further dilatory behavior would not be tolerated.

Appellant complains that the 43-day period allowed him to obtain new counsel and for such counsel to prepare for trial was inadequate. He complains that, despite diligence on his part, he was unable to meet the trial setting of June 21.

Appellant's claim of diligence in obtaining new counsel is not to be accepted without question. Appellant's counsel provided the only evidence on that score in his affidavit in support of the written request for a continuance. According to that affidavit, appellant's first effort was made on or about May 16, when he asked Will Berry to represent him. This was a delay of about a week, despite the trial court's admonition to appellant to act promptly. Berry referred appellant to Claud Wood, but plaintiff did not contact Wood until May 20. Wood wrote plaintiff on May 25 that he could not handle the case. There is a vague reference to an unnamed lawyer in St. Louis whom appellant sought. Appellant finally contacted Mr. Johnson on June 3.

Appellant himself offered no explanation for the casual approach which he appears to have taken to the employment of new counsel. Despite the trial court's admonition, he waited a week before contacting another attorney. A four-day delay ensued before he contacted a second attorney, suggested by the first one. In view of all of the circumstances, appellant is hardly to be credited with due diligence in seeking a new attorney.

Likewise there is no showing that, had appellant acted promptly to obtain new counsel, the trial setting of June 21 could not have been met. The affidavit of counsel in support of the motion for continuance was based solely upon new counsel's military obligation. Neither it nor the motion for new trial suggested that counsel in any event could not have been prepared to meet the June 21 date.

Appellant asserts that the trial court's refusal to continue the cause was arbitrary because counsel's inability to meet the June 21 setting was based upon his military obli-

gation. Appellant acknowledges that there is no express requirement that a case be continued for such reason, but he suggests that he should be treated the same as would have occurred had a legislative continuance been sought under Rule 65.06. In response it may be noted that Rule 65.06 is based upon Section 510.120, RSMo 1969, and represents a rather long-standing policy imposed by the General Assembly. The reason for the adoption of such policy does not exist in this case.

■ Considered in their entirety, the circumstances do not show that appellant was denied the right to counsel of his choice. He was aware when he employed present counsel of the problem of the attorney's military obligation and elected to proceed with him despite the trial court's prior admonition and counsel's advice that the trial court would not be obliged to grant a continuance because of the military service of his attorney.

None of the Missouri cases cited by appellant are factually close to the situation of this case and need not be distinguished otherwise. Appellant does rely upon two cases from other jurisdictions, but they are not convincing in this case. *Leija v. Concha*, 39 S.W.2d 948 (Tex.Ct.Civ.App.1931), involved a situation in which plaintiff was first informed of his attorney's withdrawal the day before trial, new counsel was secured on the day of trial, and a motion for continuance was overruled. This case might have been in point, if in the case now at bar the court had forced plaintiff to go to trial on May 9. In *Reecy v. Reecy*, 132 Ill.App.2d 1024, 271 N.E.2d 91 (1971), the new counsel was ill and had indicated the need for certain specific discovery procedures which could not be completed prior to trial. The record shows that both sides in this case had made some discovery and plaintiff made no showing of a need for further discovery.

■ In view of the discretion lodged in the trial court in granting or refusing a continuance and with every intendment in favor of the court's ruling on appeal (*Krieber v. Krieber*, 420 S.W.2d 376, 379[1-4]

(Mo.App.1967) ), this court concludes that no abuse of discretion on the part of the trial court has been demonstrated and the judgment should be affirmed.

Judgment affirmed.

All concur.