**Alexander L. MAGERSTADT, Appellant,**

v.

**Curtis C. LA FORGE Administrator, etc., et al., Respondent.**

**No. 45715.**

Supreme Court of Missouri, Division No. 2.

June 10, 1957.

L. A. Robertson and John A. Eigel, St. Louis, for plaintiff-appellant.

David F. Crossen, Clayton, for respondents Curtis C. LaForge, Adm'r of Estate of Lida Lee Goddard, Deceased, Curtis C. LaForge as an individual, and Eva Mary Moore.

STORCKMAN, Judge.

The plaintiff appealed from the judgment of the Circuit Court of the City of St. Louis dismissing his cause of action without prejudice for failure to prosecute.

The first count of plaintiff's second amended petition was to determine the title of certain real estate which the plaintiff claimed by deed from one Lida Lee Goddard, now deceased; he alleged that the deed was not recorded and had become lost. The second count was for an equitable lien in the sum of $16,152.85 for money expended in reliance upon his belief that he was the lawful owner of the property. The named defendants were the administrator of Lida Lee Goddard, deceased, and her heirs. These defendants, by their answer, joined in the plaintiff's prayer for adjudication of title to the real estate and denied that the plaintiff was entitled to an equitable lien. Plaintiff's appeal, first taken to the St. Louis Court of Appeals, was transferred to this court. We have jurisdiction because the action involves title to real estate and also because of the amount in dispute. Art. V, § 3, Constitution of Missouri, 1945.

Plaintiff's suit was filed May 18, 1951. His second amended petition was filed September 15, 1953, at which time an order of publication of notice was granted as to unknown title claimants. On September 29, 1953, proof of service on the defendant Lester Moore by the sheriff of Jackson County, Missouri, was filed. On November 16, 1953, proof of publication was filed. Apparently this completed the service of plaintiff's second amended petition. The answer of the named defendants, filed November 20, 1953, put in issue the material allegation of plaintiff's second amended petition.

Subsequent record entries disclose that on February 8, 1954, the trial of the cause was passed by consent. On April 12, 1955, the trial was passed to May 11, 1955. On May 11, 1955, the trial was passed at the request of the plaintiff to May 25, 1955. On May 25, 1955, the cause was passed for settlement. On October 25, 1955, "by leave of court, Hal A. Hamilton withdrew as attorney for plaintiff, and cause was passed at the request of the plaintiff and peremptorily set for trial on Monday, November 28, 1955, at eleven a. m."

The transcript then shows these entries: "Thereafter, on the 28th day of November, 1955, the request of L. A. Robertson and John A. Eigel to enter appearance as attorneys for plaintiff was denied, because not accompanied by readiness to try cause on this peremptory setting. Thereupon, this cause was dismissed for failure to prosecute, without prejudice."

So far as disclosed by the record, the dismissal was not at the request of the defendants, but of the court's own motion. Plaintiff contends that the action of the trial court in dismissing his action was arbitrary and an abuse of the court's discretion and that "the Court by denying plaintiff the right to have counsel and have a record made has unquestionably denied the right of plaintiff to be heard." The defendant, on the other hand, contends that the court has inherent power to dismiss a case because of failure to prosecute with due diligence independently of any statute or rule of court. Defendants cite Wiles-Chipman Lumber Co. v. Pieper, Mo.App., 176 S.W.2d 50, 52 [2], in which case the dismissal of a mechanic's lien suit which had been pending for 17 years was approved. The St. Louis Court of Appeals recognized the inherent

power of courts to dismiss a case for failure to prosecute with diligence, but proceeded upon the express statute which cast upon the plaintiff in a mechanic's lien suit the duty to prosecute his action without unnecessary delay.

The principle here involved goes much deeper than the undoubted right of a court to clear its docket of cases not prosecuted with due diligence. The fundamental question presented involves the right of a party litigant to be represented by counsel and the power of a court to impose conditions and restrictions upon such counsel as a prerequisite to their being permitted to enter their appearances in pending litigation.

■ A party to a civil action has a right to be represented by counsel at all stages of the litigation and a court's arbitrary refusal of such right is a denial of due process of law in that it impairs the party's constitutional right to be heard. In 53 Am.Jur. 43, Trial, § 25, the rule is thus stated: "In civil cases as well as in criminal cases, the right of a party to be represented by counsel before the court upon the law and before the jury as to facts at all stages of the trial is not to be questioned. The arbitrary refusal of any court, state or Federal, to hear a party by counsel employed by and appearing for him would be a denial of a hearing and in a constitutional sense a denial of due process, * * *." 88 C.J.S. Trial § 157, p. 304, states: "The right of a litigant to be represented by counsel is ordinarily secured to him by express constitutional or statutory provisions, although it has been said not to be a natural right but to be a creature of positive law. The right of a party to be represented by counsel of his own selection is a valuable one, the unwarranted denial of which is held to be a fundamental error."

■ The right of a litigant to be represented by counsel is fundamental and well accepted in Missouri. The right itself has never been challenged. The only recorded controversies relate to the extent or representation or number of attorneys to which a litigant is entitled. In State v. Myers, 352 Mo. 735, 179 S.W.2d 72, 74 [1], this court stated: "If a defendant has the means to employ counsel he has the right to be represented by a lawyer of his own choosing." In that case additional counsel was being brought into the case. The new attorney was a member of the legislature and asked for a continuance by reason of such fact. In State ex rel. Snip v. Thatch,'355 Mo. 75, 195 S.W.2d 106, 108 [6], the court, in dealing with a party's right to counsel, stated: "In fact, he has the right to employ as many lawyers to represent him as he sees fit." If a represented party has the right to employ additional counsel and as many as he sees fit, the right of a litigant without counsel to be represented is all the more evident.

■ As we have seen, the right of a party to be represented in court by his counsel exists in civil as well as criminal cases. It is a part of due process of law guaranteed by our constitution. Art. I, § 10, Constitution of Missouri, 1945. In Spiteaufsky v. Hatten, 353 Mo. 94, 182 S.W.2d 86, 105 [41, 42], 160 A.L.R. 990, the respondent contended that a certain statute, among other things, had the effect of permitting the county collector to oust the experienced attorneys chosen by the holders of special tax bills and to supplant them with others. The court en banc stated, 182 S.W.2d 105 [42]: "But if it be true, as respondents assert, that the assembling of these liens in the Collector's suit would enable him to usurp control of causes of action belonging to the private holders of special tax liens, and to deprive them of the right to be represented by their own counsel, we should say it would be a very serious and unconstitutional violation of their rights."

■ The trial judge permitted plaintiff's original counsel to withdraw on October 25, 1955; thereafter the plaintiff was without counsel of record. On November 28, 1955, the trial judge denied the request of plaintiff's new attorneys to enter their ap-

pearances as counsel for the plaintiff "because not accompanied by readiness to try cause on this peremptory setting." Did the trial court have the right to refuse to permit the attorneys to enter their appearances unless they committed themselves to the course of action dictated by the court? We do not think so.

Courts have no power to impose unreasonable restrictions upon counsel during the course of a trial. This pronouncement was made in clear and unmistakable language in Mavrakos v. Mavrakos Candy Co., 359 Mo. 649, 223 S.W.2d 383, 388 [11], as follows: "In the conduct of his client's cause, the right of counsel, within the law, to determine questions of trial tactics, or policy or strategy is one the courts must not infringe. If the day should come when such right cannot be thus exercised courts of justice will no longer 'be open to every person.'" It is equally clear that courts are without authority to infringe or restrict the lawful functions of an attorney as a condition of his being permitted to enter his appearance in a pending case.

At the setting on November 28, 1955, the plaintiff's counsel were entitled to enter their appearances and conduct the litigation according to law. This included applying for a continuance if they chose to do so in the manner provided by law. Sections 510.070 to 510.120, RSMo 1949, V.A. M.S. Without prejudging the matter, the trial court could not know what disposition he would make of an application for continuance until the motion was before him. Due process of law contemplates a procedure "which hears before it condemns." Wilcox v. Phillips, 260 Mo. 664, 169 S.W. 55, 58 [4]; Dorrance v. Dorrance, 242 Mo. 625, 148 S.W. 94, 100 [3]. The constitutional obligation to afford a party litigant an opportunity to be heard is "not a matter of grace, but is one of right." 16A C.J.S. Constitutional Law § 622, p. 820.

Courts are to be commended for their efforts to keep their dockets current, but care should be exercised to see that orderly procedure and due process of law are not sacrificed in so doing. Levee District No. 4 of Dunklin County v. Small, Mo. App., 281 S.W.2d 614, 619.

The refusal of the court to permit plaintiff's counsel to enter their appearances in the pending case was a fundamental error which cannot be said to be harmless because the dismissal was without prejudice to the institution of another action. Under the circumstances, we need not speculate whether a new action could be as effectively prosecuted. We need not determine if additional defenses might accrue to the defendant by reason of the dismissal. Certainly a great deal of time and expense has gone into filing and bringing to the trial stage an action of this type. We know that service upon some of the defendants was obtained by publication. Other pretrial procedures may have been taken which would be unavailable and wasted in the event of a new action. Under the particular circumstances of this case, the plaintiff has been deprived of rights and property without due process of law.

Regardless of the provocation which the learned trial judge may have had which impelled him to dismiss the plaintiff's cause of action, his doing so without permitting plaintiff's attorneys to enter their appearances and to represent their client within the law was prejudicial error. Because of the denial of the antecedent right of representation by counsel we do not reach for decision the question of whether there was an abuse of discretion in dismissing the cause for failure to prosecute.

The judgment of dismissal is reversed and cause remanded.

All concur.