Howard M. ACKERMAN and Barbara F. Ackerman, his wife, et al., Plaintiffs-Appellants,

v.

Arthur I. ROUFA et al., Defendants-Respondents.

No. 38318.

Missouri Court of Appeals, Eastern District, Division Four.

Jan. 23, 1979.

James P. Finnegan, Jr., St. Louis, for plaintiffs-appellants.

Shulamith Simon, St. Louis, J. Leonard Walther, Clayton, Merle Silverstein, St. Louis, for defendants-respondents.

DOWD, Presiding Judge.

Dedication of a street case.

Appellant residents of the Runnymede Subdivision appeal from the decision of the Circuit Court of the County of St. Louis in favor of respondents City of Creve Coeur, Royalway Development Company and Trustees of the Runnymede Subdivision.

The gist of this lawsuit is the status of the streets shown on plat 1 of the Runnymede Subdivision in Creve Coeur, Missouri. A trustee of the subdivision, named herein as a respondent, obtained the signatures of a majority of landowners in plat 1 to an instrument which proposed the dedication of the streets therein to public use.

In a two count petition, the appellants sought injunctive relief to have the dedication to public use and the resulting amendment to the subdivision indenture set aside. Appellants also prayed for a declaration that a particular street, Magna Carta Drive, was a private street. Appellants' request for relief stemmed from the allegation that

the instrument of dedication and the amendment to the indenture did not comply with the requirements of the subdivision restriction or § 445.030 RSMo 1969.

The judgment rendered by the court, sitting without a jury, was that Magna Carta Drive within Runnymede Subdivision Plat I, was a public street. The court denied appellants' prayer for injunctive relief, and dismissed Count II as moot.

Appellants challenge the court's determination regarding the composition of the subdivision, as well as the court's judgment that the dedication to public use amounted to a valid offer which was accepted by public user. Appellants further contend that the court's denial of their motion to amend petition by interlineation constituted an abuse of discretion.

■ At the outset, it must be noted that the judgment rendered in a court tried case will be sustained on appellate review "unless there is no substantial evidence to support it, *unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law.*" *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. en banc 1976).

In their first point, appellants allege that the trial court misconstrued the makeup of the subdivision in its appraisal of their interests as plaintiffs. The trial court's reference to the interest of the parties joined as plaintiffs related to the nature of their interests as representatives of the class of owners, and was not a ruling on the composition of the subdivision.

In deciding the issue of whether the plaintiffs below could sue as a class, the trial court opined that two plaintiffs who were residents of plat 1 had a "direct interest in the proceedings," whereas other plaintiffs, who were residents of other plats in the subdivision had an "indirect interest." The court continued saying, "but even that indirect interest does not put them in any different position to sue for the class of all owners in Runnymede than the position occupied by the Tofles." The Tofles are the plaintiff residents of plat 1.

■ This last sentence indicates that if the Court did misconceive the makeup of the subdivision, it did not affect its ruling on the maintenance of the class action. Appellants' right to bring a class action was denied because appellants did not introduce any evidence which demonstrated that the other residents of plat 1 were aligned with the Tofles on the issue of the private status of Magna Carta Drive. As the trial court reached the correct result on the issue of class action status, the conception of the subdivision format is of no consequence. *State ex rel. Sagester v. W. D. Ledbetter,* 559 S.W.2d 230 (Mo.App.1977). We rule this point against the appellants.

Appellants' second and third points challenge the propriety of the alleged dedication and the adequacy of proof of offer and acceptance.

■ It is well established that private land may be dedicated to public use pursuant to principles of common law or statute. 23 Am.Jur.2d, § 3. A common law dedication may be established by a showing that (1) the owner manifested the intent to dedicate to public use by positive act; (2) the public accepts the dedicated land; and (3) the public uses the dedicated land. Common law dedication is characterized by principles of estoppel rather than grant. *Connel v. Jersey Realty & Investment Co.,* 352 Mo. 1122, 180 S.W.2d 49, 53 (Mo.1944). The application of estoppel principles is highlighted in the context of revocation of an offer to dedicate. The owner may revoke the offer until the rights of others have intervened. *Ginter v. City of Webster Groves,* 349 S.W.2d 895 (Mo.1961), citing 16 Am.Jur., Dedication § 29, p. 375.

■ Our review of the record indicates that the trial court's judgment is supported by substantial evidence and is a proper declaration and application of the law. The following evidence of common law dedication was adduced at trial: nearly all the lot owners of plat 1 in the Runnymede Subdivision dedicated all the subdivision streets shown on plat 1 "to public use forever", constituting an offer; and since the execu-

tion of the instrument of dedication, the public has used [1] the street for travel, constituting an acceptance.

The language of the instrument signed by most of the plat 1 residents manifested the requisite intent to dedicate land to public use. In addition, the public's use of the road rendered the city's acceptance of the dedication unnecessary. *Hoechst v. Bangert,* 440 S.W.2d 476 (Mo.1969).

In their fourth point, appellants allege that the trial court abused its discretion in denying their motion to amend the petition. The proposed amendment contained the allegation that Trustee Arthur Roufa solicited signatures to the instrument of dedication in a fraudulent and deceptive manner. At the heart of this allegation is the contention that Roufa failed to disclose that Tri Co., a business of which he was an officer and stockholder, was negotiating for the sale of a tract of land adjacent to the subdivision. Apparently, the contract for the sale of the Tri Co. property contained the contingency that Magna Carta Drive become a public street.

We find no abuse of discretion in the trial court's denial of appellants' motion to amend. The lawsuit was filed in 1973, and was placed on the dismissal docket in October, 1975. The motion to amend was raised by the appellants on the fourth day of trial. Although a trial court is to be liberal in regard to permitting the amendment of pleadings, it must be remembered that the purpose of this policy is to furnish a party an opportunity to include points unperceived or unexamined at the time the original pleadings were filed. *Brassfield v. Allwood,* 557 S.W.2d 674 (Mo.App.1976). There was no showing that the substance of the proposed amendment was unknown at the time the pleadings were framed. Accordingly, we rule this point against the appellants.

Judgment affirmed.

CRIST, J., and ALDEN A. STOCKARD, Special Judge, concurs.

---

1. The public's use of the dedicated land need not satisfy a prescribed time period. *Hoechst v. Bangert,* 440 S.W.2d 476 (Mo.1969).