Harold Dwain SMITH,
Plaintiff-Appellant,

v.

ST. LOUIS COUNTY SOFTBALL AS-SOC., a corp., and Sports Unlimited, Inc., a corp., Defendants-Respondents.

No. 43892.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 25, 1981.

Leo M. Newman, St. Louis, for plaintiff-appellant.

Joseph L. Leritz, Thomas J. Plunkert, Bradford L. Stevens, St. Louis, for defendants-respondents.

GUNN, Judge.

Plaintiff appeals from an order dismissing his fourth amended petition in an action seeking damages for an injury incurred in a softball game. He argues that his petition states a cause of action and that the trial court erred in refusing to grant him leave to amend. We affirm.

■ We first indite the fundamental precepts serving as guideposts for our review. On a motion to dismiss for failure to state a claim, we assume as true all facts properly pleaded by the plaintiff and all reasonable inferences that can be deduced therefrom. *Concerned Parents v. Caruthersville School Dist. 18*, 548 S.W.2d 554, 558 (Mo. banc 1977); *American Drilling Service Co. v. City of Springfield*, 614 S.W.2d 266, 271 (Mo.App.1981). The motion to dismiss will ordinarily be denied if the petition states a claim that can invoke principles of substantive law entitling the petitioner to relief. *Schimmer v. H. W. Freeman Construction Co.*, 607 S.W.2d 767, 769 (Mo.App. 1980).

Plaintiff fractured his ankle sliding into third base during a softball game. He sued the owner of the field, contending that it negligently packed and maintained the infield dirt so that it was too hard, causing his spikes to catch as he slid. He further asserts that the owner failed to inspect the field and instruct the umpires to determine whether playing conditions were safe. He also joined the association organizing the softball league, alleging negligence in the field assignments and training of umpires.

■ Essential to any proper pleading is the requirement that the plaintiff "allege facts sufficient to inform the defendant of the breach of duty with which he is charged." *Maybach v. Falstaff Brewing Corp.*, 359 Mo. 446, 222 S.W.2d 87, 92 (1949); *Einhaus v. O. Ames Co.*, 547 S.W.2d 821, 825 (Mo.App.1976).[1] Plaintiff has failed to allege that either defendant had any duty to

---

1. *See also Annot.*, 77 A.L.R.3d 1300, 1302–03 (1977), concerning the liability of a participant in team athletic competition for injury to another participant: "It is axiomatic that an indi-

maintain the infield dirt in any particular manner or that there was any breach of duty owed. The trial court correctly sustained defendant's motions to dismiss his petition.

 Plaintiff also alleges error in the trial court's denial of his motion for leave to amend his petition. Though Rules 55.33 and 67.06 stress liberality in allowing amendments to pleadings, granting such leave is not mandatory. *Young v. Jack Boring's, Inc.*, 540 S.W.2d 887, 891 (Mo.App. 1976). The trial court does have discretion to deny a request for leave to amend a petition. *Willett v. Reorganized School Dist. No. 2*, 602 S.W.2d 44, 48 (Mo.App. 1980); *Clayton Brokerage Co. of St. Louis v. Lowrance*, 592 S.W.2d 218, 225 (Mo.App. 1979). We find no abuse of the trial court's discretion in denying the plaintiff a fifth time at bat, particularly as there is no contention that he seeks to include facts overlooked or that he was unaware of at the time the pleadings were filed. *Ackerman v. Roufa*, 584 S.W.2d 100, 103 (Mo.App.1979).

Judgment affirmed.

CRIST, P. J., and REINHARD and SNYDER, JJ., concur.

---

vidual injured during the course of a team athletic competition cannot recover damages

therefor from another participant if the latter has breached no recognized duty of care."