In re the MARRIAGE OF Charles KOEHLER, Respondent,

and

Judy Koehler, Appellant.

No. 44472.

Missouri Court of Appeals, Eastern District, Division Three.

March 23, 1982.

Motion for Rehearing and/or Transfer Denied May 14, 1982.

Application to Transfer Denied June 14, 1982.

Robert W. Meyers, Ellsworth W. Ginsberg, Clayton, for appellant.

John Sluggett, III, Clayton, for respondent.

CRIST, Judge.

The marriage of the parties was dissolved after thirty-two years. The couple's three children were emancipated and the trial court made an approximate equal division of the marital property, but denied wife's request for maintenance and attorney fees. We remand with instructions to modify and affirm.

Wife raises six points on appeal, among them: (1) the trial court erred in denying wife an opportunity to testify regarding her contributions to marital property and misconduct of husband; (2) the trial court erred in not setting apart wife's separate property; (3) the trial court erred in its distribution of marital property; and (4) the trial court erred in failing to award maintenance to wife. The judgment of the trial court with reference to these points is supported by substantial evidence and is not against the weight of the evidence. No error of law appears and an extended discussion of these points would have no precedential value. We rule against wife on these points in accordance with Rule 84.-16(b).

Wife also claims the trial court abused its discretion in proceeding with the dissolution hearing despite wife's protestation that she was not represented by counsel. It is necessary to set out the circumstances leading up to the denial of the continuance by the trial judge.

*Background*

September 19, 1979—Husband filed his petition for dissolution of marriage.

October 26, 1979—Wife, represented by counsel, filed her answer and cross-petition alleging indifference and adultery on the part of husband and requesting maintenance, attorney fees, costs and a fair share of the marital property.

April 30, 1980—Cause set for hearing on application of husband for July 7, 1980.

July 17, 1980—Cause was continued to October 6, 1980 on application of wife.

August 15, 1980—Cause was transferred to another division on application of husband.

August 27, 1980—Cause was continued to November 24, 1980 on application of wife.

December 2, 1980—Cause reset for January 5, 1981 on application of husband.

January 6, 1981—Wife's lawyer withdrew and her second lawyer entered his appearance. Wife was granted a continuance and the cause reset for February 6, 1981.

February 3, 1981—Wife's second lawyer withdrew as her counsel for the stated reason wife was uncooperative.

February 6, 1981—At 10:30 a. m., husband appeared with his attorney for trial. Wife appeared without an attorney asking the matter be tried when her health was better. Wife presented no evidence of bad health. Husband insisted on proceeding with the trial. His lawyer stated one "Gus Pulos, local counsel," had called him on February 5, 1981 advising he was now involved and wife was presently in the hospital. Husband's lawyer told Pulos he could not accept that and insisted upon proceeding to trial the next day. Husband's lawyer never again heard from Pulos. The trial court reset the cause until 1:30 in the afternoon on the same day, February 6, 1981. The trial began at 1:45 in the afternoon on that date with wife being present without a lawyer.

February 16, 1981—Wife filed an affidavit and motion to set aside order denying continuance and to set aside submission of the case.

. March 3, 1981—Dissolution decree filed.

■ The grant or denial of a continuance lies within the legitimate discretion of the trial court and every intendment is in favor of the trial court's decision. *Inloes v. Inloes,* 567 S.W.2d 732, 734 (Mo.App.1978). Although wife had a right to be represented by counsel, husband was entitled to a trial. The right of counsel does not encompass the right to bring proceedings to a standstill by failure to acquire counsel. *See Byars v. Byars,* 593 S.W.2d 656, 660 (Mo.App.1980). Wife did not take the proper steps in order to obtain a continuance. Rather, she appeared when the case was called, without a lawyer, and sought at that moment to have the hearing postponed. Since the trial court gave wife until that afternoon to employ counsel, and in view of the fact that the marital property was equally divided, we do not believe wife received unfair treatment from the trial court.

■ Wife's final point challenges the failure of the trial court to include complete legal descriptions of the real estate disposed of by the judgment. As such descriptions are a necessity, *Fields v. Fields,* 584 S.W.2d 163, 167 (Mo.App.1979) and they are not contained in the legal file before us, we therefore remand this cause to the trial court for the sole purpose of amending the decree to include such legal descriptions of affected real estate, and affirm the judgment as modified.

Cause remanded with instructions to include the legal descriptions in the decree and, as so modified, the judgment is affirmed.

REINHARD, P. J., and SNYDER, J., concur.