Paul E. JENSEN, Appellant,

v.

Claudia Carolyn WALLACE,
Respondent.

No. WD 34495.

Missouri Court of Appeals,
Western District.

April 24, 1984.

Motion for Rehearing and/or Transfer to
Supreme Court Overruled and Denied
May 29, 1984.

Application to Transfer Denied
July 17, 1984.

Elwyn L. Cady, Jr., Independence, for
appellant.

Sylvester Powell, Jr., Kansas City, for
respondent.

Before SOMERVILLE, P.J., and NU-
GENT and LOWENSTEIN, JJ.

NUGENT, Judge.

In plaintiff's action against defendant for
injuries suffered in a car accident, the trial
court ordered the plaintiff to submit to a
physical examination without the presence
of his attorney and warned that plaintiff's
failure to comply would result in dismissal
of his case with prejudice. Plaintiff refus-
ed to comply with the order, and the trial
court dismissed the action with prejudice.
Plaintiff contends on appeal that the
court's order violated his right to effective
assistance of counsel and that the court
erred in dismissing his complaint based on
plaintiff's refusal to comply with the order.
We affirm the trial court's dismissal.

In the course of pretrial discovery, de-
fendant asked plaintiff to appear at Dr.
Paul J. Centner's office for a physical ex-
amination. Plaintiff did appear for the
physical examination, but after Dr. Centner
had taken the plaintiff's medical history,
plaintiff's attorney appeared at the doctor's

office and demanded that he be permitted to be present during the examination of his client. Dr. Centner refused to continue the examination under those conditions and terminated the examination. Defendant then filed a motion to compel plaintiff to submit to a physical examination by Dr. Centner out of the presence of plaintiff's attorney.

The trial court issued an order requiring plaintiff to be physically examined by Dr. Centner. That order set out the time and place of the examination, specifically provided that the examination was to be conducted out of the presence of plaintiff's attorney and further warned that plaintiff's failure to comply with the order would result in the dismissal of his cause of action with prejudice.

Upon plaintiff's failure to comply with the order, defendant filed a motion to dismiss reciting plaintiff's failure to comply with the order. The trial court sustained defendant's motion to dismiss and plaintiff appealed.

This case comes to us on transfer from the Missouri Supreme Court.

Plaintiff contends that both the Missouri Constitution Article I, § 10, and § 1 of the Fourteenth Amendment to the United States Constitution guarantee him the right to have his attorney present at a medical examination ordered during pretrial discovery in a civil case. Plaintiff asserts that the trial court violated plaintiff's constitutional right to the effective assistance of counsel by ordering him to submit to a physical examination without the presence of his attorney and contends that the trial court erred in dismissing his

complaint based on his refusal to comply with its order.

The trial court's order requiring plaintiff to undergo a physical examination was entered pursuant to Missouri Supreme Court Rule 60.01(a) which reads as follows:

(a) Order for Examination. In an action in which the mental or physical condition or the blood relationship of a party, or of an agent or a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to physical or mental or blood examinations by a physician or physicians or to produce for such examinations his agent or the person in his custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person against whom the order is sought and to all other parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

Plaintiff's principal argument is that he is constitutionally entitled to the assistance of his counsel at a court-ordered medical examination.[1] In support of his argument, plaintiff cites *Powell v. Alabama*, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932), and *Magerstadt v. La Forge*, 303 S.W.2d 130 (Mo.1957). *Powell v. Alabama* is the first of a number of Supreme Court cases that deal with the constitutional right of an indigent defendant to the assistance of court-appointed counsel in criminal prosecutions. The Supreme Court has never held that an indigent plaintiff in a personal injury action has a constitutional right to appointed counsel in a personal injury proceeding.[2] But that does not necessarily

---

**1.** In the statement of his first point relied on and in his argument, plaintiff asserts that the presence at a "court-compelled physical examination of Jensen ... must be permitted" and, "The single issue here arises when plaintiff, employing medicolegal counsel (counsel with academic degrees and training in both law and medicine), requests and directs such counsel to be present at such examination." The record is silent, however, as to any special qualifications or training plaintiff's counsel may have had. The fact of any such expertise was not shown to the trial court so far as the record on appeal

reveals, nor is the relevance of plaintiff's assertion shown. Plaintiff does not argue that any such expertise of his counsel gave plaintiff any enhanced status in this situation.

**2.** *Cf. Boddie v. Connecticut*, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971), (where the Court held that the state filing requirement for divorce actions could not be applied to an indigent who sought a divorce, as the fee would prohibit access to the courts and would impare the fundamental and constitutional right of freedom of choice in marital decisions).

mean that an individual has no right to be assisted by retained counsel in a personal injury proceeding. As plaintiff points out, the Missouri Supreme Court has found that the right of a party to be represented in a civil action by his counsel is fundamental. *Magerstadt v. La Forge, supra,* at 133.

*Magerstadt v. La Forge* dealt with the right of a party to be represented by his retained counsel in a civil proceeding. The plaintiff in that case brought an action to determine title to real estate and for an equitable lien. The trial court had permitted plaintiff's retained counsel to withdraw on October 25. Trial was set for November 28, and on that day new counsel attempted to enter their appearance. The trial court denied their entry because the attorneys were not prepared. The court dismissed plaintiff's case with prejudice for failure to prosecute. The Missouri Supreme Court held that the trial judge's dismissal of plaintiff's case "without permitting plaintiff's attorneys to enter their appearance and to represent their client within the law" denied plaintiff due process and was prejudicial error. *Id.* at 134.

■ Plaintiff relies on the following broad language of the court at 133 to support his argument that his counsel must be allowed to accompany him to a court-ordered medical examination:

> A party to a civil action has a right to be represented by counsel at all stages of the litigation ....

The omitted portion of the quoted sentence continues as follows:

> ... and a court's *arbitrary* refusal of such right is a denial of due process of law in that it impairs the party's constitutional right to be heard. (Emphasis added).

Thus, while a party does have a constitutional right to be represented by retained counsel at all stages of the litigation, the denial of a party's request to be represented by counsel at a particular stage of the proceeding is a denial of due process only if the particular stage is deemed a stage of *litigation* and the refusal is *arbitrary.* The court in *Magerstadt* reiterated the pro-

nouncement that "[c]ourts have no power to impose unreasonable restrictions upon counsel during the course of a trial ...." and further found "that courts are without authority to infringe or restrict the lawful functions of an attorney as a condition of his being permitted to enter his appearance in a pending case." *Id.* at 134.

Because Mr. Magerstadt's attorneys were denied their right to enter their appearances they could not conduct the litigation according to law. They could not even ask for a continuance. The court had imposed an unreasonable restriction on a lawful function at an important stage in the litigation by arbitrarily denying counsel their right to enter their appearance. *Id.* For that reason, the parties were denied their right to be heard.

In the case at bar, the judge's refusal to allow plaintiff's attorney to accompany him at the physical examination substantially differs from a judge's refusal to allow a party's attorney to enter his appearance. In the first place, plaintiff was not denied his right to be heard by not allowing plaintiff's attorney to accompany him to the examination room. Second, while the court-ordered medical examination is certainly part of the discovery process, we do not think that it is a stage of the litigation which presumptively requires the presence of a party's attorney. A medical examination is not an adversary proceeding *per se. Whanger v. American Family Mutual Ins. Co.,* 58 Wis. 461, 207 N.W.2d 74, 79 (1973); *Warrick v. Brode,* 46 F.R.D. 427 (D.Del.1969).

The Oregon Supreme Court in *Pemberton v. Bennett,* 234 Or. 285, 381 P.2d 705, 706 (1963), explained why the assistance of counsel is ordinarily not necessary at a medical examination.

> [A] medical examination is not an occasion when the assistance of counsel is normally necessary. This is so because of the nature of a medical examination, which is very different, for example, from an oral discovery examination by opposing counsel. It is also not ordinari-

ly regarded as an adversary proceeding because a medical examiner is not supposed to be, and ordinarily is not, seeking to establish facts favorable to the party who engaged him to make the examination. This is the case even though the examining physician is selected and compensated by the opposing party.

One commentator believes that "[t]he very presence of a lawyer for one side will inject a partisan note into what should be a wholly objective inquiry." *Barnet,* Compulsory Medical Examination Under the Federal Rules, 41 Virginia Law Review 1059, 1073–74 (1955).

For those reasons, plaintiff was not denied his constitutional right to assistance of counsel. Under such circumstances, the judge did not abuse his discretion in ordering plaintiff to submit to a physical examination without the presence of his counsel. Nor did the judge err in dismissing plaintiff's cause of action with prejudice when plaintiff declined to obey his order. Rule 61.01(d) and (e).

All concur.