**Marian MITCHELL and Larry Mitchell, Appellant,**

v.

**John McARTHUR and Johnny Mac's Sports Complex, Inc., Respondents.**

No. 53032.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 19, 1988.

Kenneth K. Vuylsteke, Foehner & Vuylsteke, St. Louis, for appellant.

Ben Ely, Jr., Joseph K. Robbins, Kortenhof & Ely, St. Louis, for respondents.

CRIST, Judge.

Plaintiffs brought an action in tort based upon the alleged negligence of the owners and operators of a softball field in St. Louis County. Plaintiff-wife fractured her leg while sliding into home plate. The trial court sustained defendants' motion to dismiss plaintiffs' fourth amended petition. We affirm.

In their fourth amended petition, plaintiffs pled "the field was operated and maintained" by defendants; defendants were negligent and careless in that they "maintained the home plate ... two or three inches above the ground; ... failed to properly maintain the ... area around home plate; ... failed to repair [the area around home plate] when they knew or should have known that the plate was two or three inches above the ground; [and] ... failed to warn ... of the dangers of sliding into home plate...." The pleadings also allege plaintiff-wife was injured "due to the negligence of defendants...."

We must construe plaintiffs' pleadings favorably, taking as true the allegations in the petition. *Smith v. St. Louis County Softball Association*, 623 S.W.2d 38, 39 [1] (Mo.App.1981). In that light, plaintiffs' pleadings can be construed as alleging a breach of an undefined duty, knowledge of the condition by defendants, and causation.

The duty owed plaintiff-wife by defendants is determined by her status as invitee, licensee or trespasser. *Singleton v. Charlebois Construction Co.*, 690 S.W.2d 845, 847 (Mo.App.1985). Plaintiffs' fourth amended petition does not contain an allegation as to plaintiff-wife's status. And, thus does not allege what duty, if any, was owed to her. The statement in the pleadings that defendants operated and maintained the field only explains their presence in the lawsuit; it does not allege they owe a duty of care to plaintiff-wife. Accordingly, the petition was defective and subject to dismissal.

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.