**Paul REED, et al., Plaintiffs– Respondents,**

v.

**GARNER INDUSTRIES, INC., et al., Defendants.**

No. 60469.

Missouri Court of Appeals, Eastern District, Division Four.

June 23, 1992.

Christopher J. Holthaus, Francis J. Murphy III, St. Louis, for Paul Reed.

Gray & Ritter, Robert F. Ritter, John G. Simon, St. Louis, for Garner Industries, Inc.

AHRENS, Judge.

Appellant, Mayer Lifschitz, appeals from a trial court order finding his purported attorney's lien invalid. We affirm.

This case arose as a result of a claim for personal injuries made by plaintiffs-respondents, Paul Reed and Pamela Reed Diffen. Appellant, a California attorney, made initial contact with plaintiffs through a distant relative of Mr. Reed. Appellant recommended a Missouri attorney, Irvin Zwibelman, to handle plaintiffs' case. On or about November 9, 1980, plaintiffs agreed to retain Zwibelman to represent them. Zwibelman represented plaintiffs with respect to their workers' compensation claim, and appellant shared equally in the fee.

In the latter part of 1982, Zwibelman contacted Missouri attorney Terence Crebs and requested that Crebs review plaintiffs' file to determine whether there was potential for a third-party claim. Crebs and Zwibelman agreed to equally divide any fee Crebs received as a result of Crebs' representation of plaintiffs. Further, Crebs understood that Zwibelman intended to divide his share of the fee with appellant. During Crebs' review of plaintiffs' file, appellant telephoned Crebs and asked whether he planned to accept the case; further, appellant made inquiries concerning the amount of the participation fee he would receive if Crebs did accept. After appellant made several more inquiries concerning the fee, Crebs told him he did not believe appellant could share in the fee without violating the Missouri Rules of Professional Conduct.

Because of the case's difficulty and the potential for conflict with appellant, Crebs declined the case. Neither Crebs nor Crebs' firm makes a claim to any fee. On or about December 20, 1983, Zwibelman

released plaintiffs from their contract for legal services.

At plaintiffs' request, Crebs placed plaintiffs in contact with Missouri attorney Robert F. Ritter. Ritter asked plaintiffs whether they were represented by appellant, and they stated they were not. On March 9, 1984, plaintiffs entered into a contract of employment with the law firm of Gray & Ritter, P.C. Shortly thereafter, Ritter received a telephone call from appellant, during which appellant stated he was searching for a St. Louis lawyer to represent plaintiffs. Ritter informed appellant that plaintiffs had retained Gray & Ritter to represent them in their suit. On May 14, 1984, Gray & Ritter filed a personal injury petition on plaintiffs' behalf.

On or about January 25, 1985, appellant filed an attorney's lien seeking a portion of any proceeds recovered by plaintiffs in their suit. With the exception of the lien notice, appellant's name does not appear in any pleading, correspondence, or other document in the court file.

The suit was settled, and plaintiffs on May 14, 1991, filed a motion to determine the validity of appellant's lien. Plaintiffs mailed the motion and notice of hearing on May 14, 1991, and appellant received it in California on May 20, 1991. The hearing was set for June 3, 1991.

In their motion, plaintiffs alleged (1) they had prosecuted their action through the law firm of Gray & Ritter, P.C., and had reached a settlement; (2) appellant has no attorney's lien or right to any settlement proceeds, in that plaintiffs never retained him or signed a contract of employment with him and he did no work on their case; (3) Irvin Zwibelman handled their workers' compensation case but did no work on their action for personal injuries; and (4) the settling defendants would not issue checks until the court determined the validity of the attorney's liens.

On May 28, 1991, Zwibelman told plaintiffs' counsel he would not appear at the hearing and would not claim an attorney fee with respect to plaintiffs' suit. On May 31, 1991, appellant's counsel entered his appearance with respect to plaintiffs' motion. Through counsel, appellant recommended that the court pay the disputed fees into the court registry and release plaintiffs' portion. Further, appellant requested that all correspondence among Crebs, Zwibelman, Gray & Ritter, and appellant be produced at the hearing.

At the hearing on plaintiffs' motion on June 3, 1991, appellant's attorney orally requested a continuance to allow discovery regarding appellant's claim to a portion of the attorney fees; further, he requested the matter be tried "in the nature of an interpleader" rather than as a motion. The trial court denied both requests, and the hearing proceeded.

Both plaintiffs testified. Pamela Reed Diffen testified that plaintiffs' agreement with respect to their workers' compensation claim was with Zwibelman. She was not aware of any contract between plaintiffs and appellant, and she did not recall signing an agreement with appellant. Further, she was not aware of any work appellant did on plaintiffs' case. Diffen stated she agreed to retain the firm of Gray & Ritter. Lastly, Diffen testified that appellant telephoned plaintiffs frequently, although he was told his representation was not wanted and was ordered to stop calling.

Similarly, Paul Reed testified that appellant "harassed" him with twenty to thirty telephone calls, even though Reed told appellant he did not want appellant's representation. Reed stated he never agreed to appellant's representation and signed no written agreement to that effect. Further, Reed was unaware of any work appellant did on plaintiffs' case. Reed testified that plaintiffs' agreement was with Zwibelman with regard to the workers' compensation case, and he was unaware that appellant was to receive any part of that fee. After the workers' compensation case was settled, Reed hired Bob Ritter and the firm of Gray & Ritter to represent him.

Lastly, plaintiffs presented the testimony of Crebs and Ritter, who testified to the sequence of events leading to Gray & Ritter's representation of plaintiffs. Crebs further testified that plaintiffs had never employed appellant. Ritter testified that

(1) he was aware of no work appellant had done on plaintiffs' case; (2) he told appellant he "had no business in the case" when appellant asked to be informed of its progress; and (3) he never agreed to give appellant a portion of any fee derived from plaintiffs' case. Lastly, Ritter testified that appellant informed him he did not have a contract with plaintiffs.

At the hearing, appellant did not present or offer evidence of any agreement between appellant and plaintiffs or appellant and Gray & Ritter. Appellant's attorney stipulated to the high quality of Gray & Ritter's work on the case. Further, appellant's attorney disavowed any claim for quantum meruit, stating, "[W]e're not here on a quantum meruit or discharge. We're here on a payment entitlement to a contingency fee." Later, the attorney vacillated with respect to the quantum meruit claim and stated appellant was claiming any relief to which he may be entitled.

After the hearing, the trial court found the evidence failed to show the existence of a contract for legal services between appellant and plaintiffs and failed to show appellant performed any legal services on plaintiffs' behalf. Based on these findings, the court found appellant's purported lien invalid and found appellant had no right to any of the settlement proceeds.

In point one, appellant contends the trial court erred in finding appellant's purported attorney's lien invalid, because he was deprived of a substantial property right without being afforded due process rights of discovery, notice, and pre-trial preparation.

■■■■ An attorney's lien upon a cause of action is a property right in the attorney. *Argeropoulos v. Kansas City Rys.*, 201 Mo.App. 287, 212 S.W. 369, 373 (1919). The Due Process Clause requires that a person facing a deprivation of property receive "notice and an opportunity for hearing appropriate to the nature of the case." *Belton v. Board of Police Comm'rs*, 708 S.W.2d 131, 137 (Mo. banc 1986). Here,

appellant received fourteen days' notice of a hearing to determine the validity of the lien notice he himself had filed, albeit six years earlier. The notice complied with the time requirements of Rule 44.01 for service of a written motion. Appellant retained Missouri counsel who appeared at and fully participated in the hearing. Further, the issues adjudicated at the hearing were not complex; the evidence adduced concerned the sequence of events leading to respondent's representation of plaintiffs in the underlying action for personal injuries. Appellant was intimately involved in such events and was a frequent and persistent participant therein. Appellant has failed to show how he was prejudiced or what evidence additional discovery and additional time for preparation would have produced. Under these circumstances, the notice and hearing afforded appellant was appropriate to the nature of the case, and he was not entitled to more extensive process. Point one is denied.

■■ In point two, appellant contends he was denied the right to counsel at the hearing on plaintiffs' motion, because he had insufficient time to interview, hire, and have counsel prepare his case. Again, appellant received fourteen days' notice of the hearing. He retained counsel and provided him with documentation for use at the hearing. Counsel was given a full opportunity to present evidence and cross-examine plaintiffs' witnesses. Further, nothing indicates the allegedly inadequate notice caused appellant's inability to produce evidence of an agreement to support his claim for compensation; in fact, the record refutes the existence of any such agreement.[1] Appellant cites *Magerstadt v. La Forge*, 303 S.W.2d 130 (Mo.1957), in arguing he was effectively denied counsel at the hearing. However, *Magerstadt* is wholly inapposite on its facts, and nothing in this case indicates the court arbitrarily imposed an "unreasonable restriction" upon appellant's counsel and thereby de-

---

1. We note that appellant at the hearing disavowed any intention to pursue a claim for services in quantum meruit. The trial court so found. Appellant does not now claim entitle-

ment to such relief, and the record indicates appellant performed no services on plaintiffs' behalf.

nied appellant a hearing and due process. As discussed in point one, the notice and hearing afforded appellant was appropriate to the nature of the case, and appellant received all the process due him. Point denied.

In his third and final point, appellant alleges the trial court erred in considering plaintiffs' motion to determine the validity of his lien, because the action, although denominated a "motion," was one for declaratory judgment. Appellant contends the lien dispute is "an independent action between two new parties" requiring the "panoply of procedures" available in such suits.

From the commencement of an action or service of an answer containing a counterclaim, an attorney who appears for a party has a lien upon his or her client's cause of action or counterclaim. § 484.130 RSMo 1986. The remedy for enforcing the lien is left to the trial court, which has wide latitude to determine the propriety of the method of enforcement selected. *Plaza Shoe Store, Inc. v. Hermel, Inc.,* 636 S.W.2d 53, 56 (Mo. banc 1982).

As respondent notes, appellant himself chose to file the lien in the original case rather than proceed by independent suit. Nothing indicates he was deprived of an essential right by the trial court's exercise of authority by summary procedure; appellant received due notice, was fully advised of the nature of his own claim, and was fully accorded the right to present evidence in support thereof. *See State ex rel. Anderson v. Roehrig,* 8 S.W.2d 998, 1000 (Mo. banc 1928). Appellant himself placed the matter before the court, and the court did not abuse its discretion by adjudicating the dispute by way of respondents' motion. Point three is denied.

The judgment of the trial court is affirmed.

SMITH, P.J. and KAROHL, JJ., concur.