STATE of Missouri, ex rel., Mary
SANDERS, Respondent,

v.

Jesse MARTIN, JR., Appellant.

No. 71027.

Missouri Court of Appeals,
Eastern District,
Division Five.

May 20, 1997.

Edward J. Delworth, St. Louis, for appellant.

Michael S. Kisling, Jefferson City, for respondent.

AHRENS, Chief Judge.

This is an appeal from a judgment entered by the Circuit Court of St. Louis County upholding a decision of the Administrative Hearing Officer of the Division of Child Support Enforcement (agency). We reverse.

The marriage of Mary Sanders (mother) and Jesse Martin (father) was dissolved by a decree of dissolution on June 9, 1976. Mother was granted primary custody of the two minor children born of the marriage, Jesse Martin and Denelle Amand Martin. Father was ordered to pay child support of $25.00 per child per week.

Father fell behind on his child support payments, and on May 19, 1981, a wage assignment order was entered. The wage assignment directed father's employer to withhold $50.00 per week for current child support. The portion of the form order that would have sought recovery for past due child support was deleted from the application.

The support order should have terminated when Jesse attained the age of 22 on October 5, 1990, and when Denelle attained age 22 on April 22, 1992. When the order was not

terminated on these dates, father filed a Motion to Terminate Wage Assignment and to Recover Overpayment of Child Support. On September 3, 1993, the court entered a consent judgment, signed by both parties, which terminated the wage assignment and granted father judgment for $5,575.00 for overpayment of child support.

In November of 1994, mother filed a motion to offset the consent judgment. In her motion, she sought to recover the accrued arrearage for missed support payments prior to the time the wage assignment was initiated. However, the trial court dismissed mother's motion as untimely.

Thereafter, on March 6, 1995, agency entered an Administrative Order on an Existing Order, finding that father was indebted to mother in the amount of $18,730.37 for back child support and interest.

Father timely requested a hearing on the order and a hearing was held on September 13, 1995. The hearing officer found father in arrears, but amended the amount due to $2,808.40. Father then appealed to the circuit court which upheld agency's decision. Father now appeals the decision of the circuit court.

■ When reviewing an administrative action, this court examines the decision of the administrative agency, not the judgment of the circuit court. *State ex rel. Bramlet v. Owsley*, 834 S.W.2d 868, 870 (Mo.App.1992). Judicial review of an administrative agency's decision is governed by §§ 536.100 to 526.140, RSMo 1994. Accordingly, we will uphold agency's decision unless it is in violation of constitutional provisions; in excess of its authority; unsupported by competent and substantial evidence on the whole record; unauthorized by law; made upon unlawful procedure or without a fair trial; arbitrary, capricious or unreasonable; or involves an abuse of discretion. § 536.140.2, RSMo 1994.

Father raises two points on appeal, one of which we find dispositive. Father argues that agency did not have the authority to enter an order because the "circuit court in the original dissolution of marriage action had determined that [mother] was indebted

to [father] for overpayment of child support so that the decision was res judicata regarding any questions of support obligations between the parties." We agree.

■ Res judicata, or claim preclusion, precludes a party from litigating a claim against another party that has already been litigated. *S.M.B. by W.K.B. v. A.T.W.*, 810 S.W.2d 601, 604 (Mo.App.1991). Res judicata applies "not only to points and issues upon which the court was required by the pleadings and proof to form an opinion and pronounce judgment, but to every point properly belonging to the subject matter of litigation and which the parties, exercising reasonable diligence, might have brought forward at the time." *King Gen. Contractors v. Reorganized Church of Jesus Christ of Latter Day Saints*, 821 S.W.2d 495, 501 (Mo. banc 1991).

■ The doctrine of res judicata bars a claim if the following elements are satisfied: (1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of persons or parties to the action; and (4) identity of the quality of the person for or against whom the claim is made. *Id.*

■ Mother contends that the termination of the wage assignment only dealt with father's current support obligations, not arrearages. Therefore, she argues, there was no identity of the thing sued for and res judicata should not apply.

Father's motion set forth, in broad language, that he sought a "judgment for overpayment of child support." He did not limit the claim to include only overpayment of his current child support obligations. This brought before the court the issue of whether there were accrued arrearages. Thus, entry of the consent judgment liquidated the claims of the parties with regard to the entire child support obligation. We, therefore, find that there was identity of the thing sued for.

Mother was aware, or by exercising reasonable diligence, should have been aware, of all the basic facts surrounding her claim for arrearages at the time father brought his motion to terminate. It was incumbent upon her to raise the issue at that time. *See Adams, by Northcutt v. Williams*, 838

S.W.2d 71, 73 (Mo.App.1992). The consent judgment was conclusive not only as to those matters actually decided, but as to those matters which could properly have been raised and decided. *See Id.*

Agency was unauthorized to render a decision in this matter. The judgment of the trial court sustaining the order of the hearing officer is reversed.

CRANDALL, J., and CHARLES B. BLACKMAR, Senior Judge, concur.