**James T. LINFORD, Plaintiff/Appellant,**

v.

**STATE of Missouri, DEPARTMENT OF SOCIAL SERVICES, DIVISION OF CHILD SUPPORT ENFORCEMENT, Defendant/Respondent.**

**Nos. 73619, 73469.**

Missouri Court of Appeals,
Eastern District,
Division Four.

March 9, 1999.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 20, 1999.

Alan J. Agathen, St. Louis, for appellant.

Carolyn H. Kerr, Jefferson City, for respondent.

MARY K. HOFF, Presiding Judge.

James T. Linford (Father) appeals from the trial court's judgment affirming the decision of the Department of Social Services, Division of Child Support Enforcement (DCSE) awarding Sallie Linford (Mother) $23,100, plus interest, in child support arrearages. We reverse and remand for entry of judgment in favor of Father.

Father and Mother (collectively parties) were married on August 13, 1981 and had two children, C.L., born on September 8, 1980, and K.L., born on September 28, 1981 (collectively children). The parties were divorced by a decree entered by the Superior Court of Muscogee County, Georgia on February 5, 1988. The divorce decree incorporated a settlement agreement signed by the parties on October 16, 1987 and "ORDERED [parties] to abide by the terms and conditions of this Final Judgment and Decree." The settlement agreement established Mother as the custodial parent and provided Father with reasonable visitation with the children. The child support provision of the settlement agreement stated:

The [Father] shall make the following payments to the [Mother] for the support, maintenance, and education of the children:

(a) The sum of three hundred fifty ($350.00) per month for the support, maintenance and education of the children of the parties, until said children marries [sic], becomes [sic] self supporting, becomes [sic] eighteen years of age or, if attending full time an accredited school of higher learning, until the age of twenty-three, or dies [sic], whichever event first occurs.

(b) The above said children [sic] support payments shall commence on the 1st day of October, 1987, and continue with a like payment on the 30th day of each month thereafter so long as the childrenren [sic] resides [sic] with the [Mother], such payments to be made by allotment while the [Father] is in military service.

(c) However, if said children resides [sic] with the Custodial Parent for less than 20 days in a given month, then the next payment shall reflect a deduction in payment for the time the children did not reside with the Custodial Parent in the prior month. The deduction will be computed in the following manner: ½ × (number of days children resided with Noncustodial Parent in prior month divided by the number of days in prior month) × children support.

In the underlying proceeding, Mother alleged Father had not been paying child support pursuant to the divorce decree and, through DCSE, sought Father's payment of past due child support. In July 1996, DCSE entered an administrative order finding Father in arrears in his child support obligation in the amount of $37,100 for the period from October 1, 1987 through July 19, 1996. Father requested an administrative hearing.

An administrative hearing officer of the Missouri Department of Social Services held a hearing by conference call in October 1996. At the hearing, Father's mother testified the children were residing with her and her husband (collectively grandparents) in Kirkwood, Missouri. She further testified that she provided for the children's care because "this is there [sic] home[,] this is where they live[,] they lived here." Father testified the children were living with his mother and had been for the past nine years. Father also testified that he lived with his mother, step-father, and the children from January 1989 to June 1992. Mother testified that, because of her work schedule, she had the children living with their paternal grandmother. Mother further testified she picked up the children for school every morning, she was "involved in [the children's] life on a daily basis," and the children were in her "custody and supervision."

At the hearing, the parties disputed the interpretation of section (b) of the child support provision of the settlement agreement. DCSE's position was that Mother was the custodial parent of the two children and could physically place them anywhere she wished and Father's child support obligations would not abate. Father argued Mother freely entered into the separation agreement that provided she would receive child support "so long as" the children resided with her. Father conceded that, because of the children's living arrangement over the past several years, he had not made child support payments to Mother.

During the hearing, the hearing officer concluded "it looks like we all agree" that the children resided with their grandmother during the relevant period of time. In his subsequent decision, the hearing officer recognized, "The dispute in this matter revolves around the language of the underlying Georgia order regarding [Father's] duty to pay support for the children only when the children reside 'with the [Mother].'" The hearing officer concluded:

> [T]hat language, read in the full context of the [divorce decree], indicates the intent of the rendering court and the parties was to relieve [Father] of his support obligation for periods when the children were solely in his custody, not merely during those times when the children were not with [Mother].

The hearing officer found Father was entitled to a credit under section (c) of the child support provision of the separation agreement for the time Father resided with the children at his mother's home, from January 1989 to June 1992. Therefore, Father's child support obligation was reduced from $37,100 to $23,100, plus interest.

Father filed a petition for judicial review. The trial court affirmed the DCSE's decision. This appeal followed.

◼ In his first point,[1] Father argues the trial court erred in affirming the agency's determination of child support arrearages because the decision was against the weight of the evidence and unsupported by competent and substantial evidence. Father contends he was obligated to pay child support under the Georgia divorce decree only while the children resided with their Mother, and the uncontroverted evidence in the record reveals the children never resided with their Mother during the period in question.

◼ "When reviewing an administrative action, this court examines the decision of the administrative agency, not the judgment of the circuit court." *State ex rel. Sanders v. Martin*, 945 S.W.2d 641, 642 (Mo.App. E.D.

---

1. In his second point, Father alleges the trial court erred in affirming the agency's determination of child support arrearages because the doctrine of laches bars Mother's claim for past due child support. Due to our disposition of this case on the first point, we do not address Father's second point.

1997). Our review is limited to whether the agency's decision is "in violation of constitutional provisions; in excess of its authority; unsupported by competent and substantial evidence on the whole record; unauthorized by law; made upon unlawful procedure or without a fair trial; arbitrary, capricious or unreasonable; or involves an abuse of discretion. [Section] 536.140.2, RSMo 1994." *Id.*

■ Generally, the parent obligated to pay child support must comply with the divorce decree or seek a court-ordered modification if there are changed circumstances. *Ballard v. Hendricks,* 877 S.W.2d 232, 235 (Mo.App. W.D.1994). In *Ballard,* the Western District discussed a factual situation similar to the case before us and determined, pursuant to equitable principles, the obligated parent was not required to pay back child support to the custodial parent. *Id.* at 235–37. Given the unique circumstances here, we, as in *Ballard,* resort to equitable considerations in determining the back child support issues before us.

In *Ballard,* the Western District addressed "the unique circumstances where the custodial parent seeks back child support from the obligated parent for the time a third party voluntarily supported the child." 877 S.W.2d at 236. The court focused "primarily on whether the child has received adequate support and on whether [an] award of back support would represent unjust enrichment to the custodial parent; other considerations include whether the grandparents expected remuneration, whether the parents allowed the grandparents to have custody, and whether either parent provided any care or support." *Id.* In *Ballard,* the court found:

> [T]he equities of the circumstances presented here demand that [father] be released from payment of the back child support. The uncontroverted evidence shows that the [grandparents] provided [child] with a stable home and with more than adequate care and support for nearly ten years. The [grandparents] obtained guardianship of [child], and released both parents from their duties of providing care and support. Both parents recognized the [grandparents'] custody of [child]. During that time, [father] maintained contact with

[child], visiting him, taking him on trips, buying him clothing and gifts. [Father] did not make child support payments to [mother] while the [grandparents] had custody because he relied on his written release from the [grandparents]. Nevertheless, father recognized his duty to resume child support payments to [mother] when [child] returned to her custody. On the other hand, [mother's] contact with [child] was sporadic, although she did visit him and buy him some gifts. [Mother] paid the [grandparents] nothing toward [child's] support, and made little effort to provide him with care. [Mother] waited over nine years before seeking to enforce payment of the back child support. *Under these circumstances, [mother] should not be allowed to recover child support payments for care and support she never provided. Such an allowance would represent unjust and inequitable enrichment to [mother].*

*Id.* at 236–37 (emphasis added).

Although some of the facts in *Ballard* are different from those in the case before us, we are also faced with unique circumstances in which a custodial parent, Mother, is seeking past due support from an obligated parent, Father, for the years a third party, the grandparents, voluntarily supported the parties' children. The undisputed evidence established that the children were cared for by the grandparents, with consent of the parties, during the period for which Mother is seeking past due child support from Father. Nothing in the limited record before us indicates the grandparents sought financial contributions from the parties for the grandparents' voluntary care and support of the children for almost nine years. Other than residing with the children at the grandparents' home from January 1989 until June 1992, there is no evidence in the record to indicate Father provided support for the children. Other than conclusory statements, no evidence in the record indicates Mother provided financial support to the grandparents for the care of the children. Furthermore, Mother waited almost nine years to seek past due child support payments from Father.

Under these unique circumstances, we conclude the agency's decision finding Mother was entitled to back child support for the period during which the children resided with and were provided for by their grandparents was unreasonable and an abuse of discretion. After all, " '[t]he purpose of child support is to provide for the needs of the child[ren].' " *B.S.E. v. Grant,* 971 S.W.2d 883, 885 (Mo.App. E.D.1998) (quoting *Farr v. Cloninger,* 937 S.W.2d 760, 763 (Mo.App. S.D.1997)). Permitting Mother to collect $23,100, plus interest, in child support arrearages would be "unjust and inequitable enrichment." *See Ballard,* 877 S.W.2d at 237.

Judgment reversed and remanded for entry of judgment in favor of Father.

GARY M. GAERTNER, Judge and MARY RHODES RUSSELL, Judge, concur.