Chiara K. COVINGTON, Individually, and Skyy Jean Allamby, a Minor, by her Next Friend, Chiara K. Covington, Petitioners,

v.

Darrell ALLAMBY, Respondent.

Karen M. Pittman, Appellant.

No. ED 81676.

Missouri Court of Appeals, Eastern District, Division Two.

May 6, 2003.

Karen M. Pittman, Clayton, pro se.

Darrell Allamby, Richardson, pro se.

GARY M. GAERTNER, Sr., Judge.

Appellant, Karen M. Pittman ("appellant"), appeals the judgment of the Circuit Court of the City of St. Louis quashing her "Notice of Attorney's Lien." Appellant was the attorney for Chiara Covington ("mother"), individually, and as next friend of Skyy Jean Allamby in an action against respondent, Darrel Allamby ("father") for paternity, support and custody. Mother was awarded primary physical custody with both parties receiving joint legal custody, and father was ordered to pay child support, including an award of $6,464 in retroactive child support. Father was also ordered to pay appellant $5,000 in attorney's fees. Appellant filed a "Notice of Attorney's Lien" against the retroactive child support judgment, claiming mother had not paid appellant in full for her legal services. The trial court quashed appellant's "Notice of Attorney's Lien." We affirm.

■ In her first point on appeal, appellant argues the trial court erred in quashing her "Notice of Attorney's Lien" because an attorney's lien on the judgment for retroactive child support was proper pursuant to section 484.130 RSMo 2000.[1] "From the commencement of an action or the service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client's cause of action or counterclaim...." Section

484.130. The trial court decides the proper remedy for enforcing the lien. *Reed v. Garner Industries, Inc.,* 832 S.W.2d 945, 949 (Mo.App. E.D.1992). Following an examination of the facts and circumstances, the trial court determines whether the method selected by the attorney is appropriate. *Plaza Shoe Store, Inc. v. Hermel, Inc.,* 636 S.W.2d 53, 56 (Mo.1982). The trial court has "wide latitude to determine the propriety of the method of enforcement selected." *Reed,* 832 S.W.2d at 949. Further, we note that providing for the needs of the child is the purpose of child support. *Linford v. State, Dept. of Social Services,* 987 S.W.2d 507, 511 (Mo.App. E.D.1999).

■ Appellant cites numerous cases dealing with attorney's liens, including a case stating an attorney is entitled to a lien on alimony secured in a divorce proceeding. *Bucknam v. Bucknam,* 347 Mo. 1039, 151 S.W.2d 1097, 1100 (1941). However, appellant fails to cite a case in which an attorney was granted a lien against a judgment for retroactive child support, as she seeks in this case. The trial court stated "[t]he intent of the Court in awarding the retroactive child support was for the child to receive those monies and not [appellant]." Further, "[i]f the Court had intended [appellant] to receive any portion of the child support payments, the Court would have designated that amount payable to [appellant]. The Court did not."

Based upon the facts and circumstances of the case, the trial court determined the method of enforcement selected by appellant was not proper. In consideration of the general purpose of child support, the award of $5,000 in attorney's fees to appellant to be paid by father, and the trial court's intent that the retroactive child

---

1. All further statutory references are to RSMo 2000.

support go to the child, we find the trial court did not err. Point denied.

In her second point on appeal, appellant argues the trial court erred because the only issues before it were to decide whether appellant's fee charged to mother was reasonable, and how father should pay the retroactive judgment and satisfy the lien. Appellant cites no case law in support of this argument. As discussed above, the trial court has wide latitude to determine the proper remedy for enforcing liens. *See Reed,* 832 S.W.2d at 949. The trial court did not err in quashing appellant's "Notice of attorney's lien."

Appellant further argues the trial court's judgment would have a "chilling effect to clients of limited means in paternity actions to be able to obtain representation" because many attorneys would not take on such cases if they were not allowed a lien on retroactive child support judgments. We disagree. Allowing an attorney's lien against an award of retroactive child support would take money away from the child and would run counter to the general purpose of child support to provide for the needs of the child. Point denied.

We note that this court is not precluding appellant from collecting her fees through other legal methods.

Based on the foregoing, we affirm the judgment of the trial court.

PAUL J. SIMON, P.J. and KATHIANNE KNAUP CRANE, J., concur.